UNITED STATES of America

v.

Everett F. BUCHWALD.

Crim. No. 1588–69.

United States District Court, District of Columbia.

Feb. 27, 1970.

—————◆—————

J. Lawrence Hall, Washington, D. C., for defendant.

James E. Sharp, Asst. U. S. Atty., for the United States.

## MEMORANDUM OPINION

GESELL, District Judge.

This case was tried to a jury on a two-count indictment charging defendant with fraudulent sale of altered coins in violation of 18 U.S.C. § 331. Defendant was convicted on both counts, the Court having reserved ruling on a motion to acquit made at the close of the Government's case. This memorandum deals with the motion to acquit.

Defendant, a seaman, acquired numerous coins in payment of a debt from a fellow worker while at sea. It is not claimed that defendant himself altered the coins. The critical issue in the case is whether defendant possessed the requisite knowledge of alteration. The Government relies upon inferences from

defendant's course of conduct to prove this element of the offense. Defendant used false identification papers and an assumed name when selling some of the coins to dealers in this city and elsewhere and made certain misrepresentations in the course of his transactions. From these and other facts, the Government contends the jury was entitled to find either that defendant had actual knowledge of alteration or that at the very least defendant proceeded with reckless disregard for the possibility that the coins were altered, a test sufficient to bring him within the strictures of the statute on a "should have known" basis.

For the proposition that the requisite knowledge can be inferred from conduct evincing reckless indifference to the possibility of alteration, the Government relies primarily upon United States v. Sheiner, 273 F.Supp. 977 (D.Conn.1967), aff'd, 410 F.2d 337 (2nd Cir. 1969), which appears squarely in point. Accepting that standard, however, it is especially necessary in a case of this character to examine carefully the facts upon which the inference of actual knowledge or reckless indifference is based. Altered coins may pass as genuine even after close scrutiny by experts under a magnifying glass, as one did here. Consequently, the layman frequently cannot, as a result of his own examination, be expected to be aware of the fact or even the possibility of alteration.

■ Two silver dollars are the subject of the respective counts. On each of these silver dollars the mint mark had been altered to raise the numismatic value of the coins. The first count involved sale of an 1889 Carson City silver dollar and the second count involved the sale of an 1893 San Francisco Mint dollar. The evidence showed that defendant had had several 1889 Carson City dollars which he had attempted to sell under various circumstances before the transaction alleged in the first count and that on one occasion shortly before the questioned sale the Secret Service had advised him that an 1889 Carson City silver dollar would be confiscated because it was suspected of being altered. On another occasion a coin dealer had refused to accept an 1889 Carson City silver dollar, saying, "I don't like it." Defendant was thus on notice from two sources that the coins might possibly be or were in fact altered. On all of these facts and circumstances there is ample evidence to support the jury verdict on the first count and the case should have gone to the jury.

■ A more difficult question is presented as to the second count involving the 1893 San Francisco silver dollar. It is not shown that defendant had attempted any transactions with similar coins or indeed had any. The alteration of this coin was extremely difficult to determine. A professional buyer in a local department store paid $125.00 cash for the coin after examining it for ten to fifteen minutes under a ten-power magnifying glass and conferring with two associates, all three buyers being agreed that the coin was genuine. The Court, under these circumstances, is of the view that defendant's misrepresentations as to his identity and his reason for selling the coin are not sufficient to carry the case to the jury on the theory that the Government's evidence, viewed in the light most favorable to it, demonstrated that defendant proceeded with reckless disregard for the possibility that the coins were altered. This view is reinforced by the fact that some of the coins which defendant originally obtained were not altered, but genuine. See Paz v. United States, 387 F.2d 428 (5th Cir. 1967).

Accordingly, the jury's verdict on the second count is set aside and the motion to acquit at the close of the Government's case as to the second count is granted. The Court reserved ruling because it felt that the facts relating to the second count should be considered by the jury in making its determination under the first count as bearing on the defendant's intent. To have granted the motion at the close of the Government's

case might have suggested to the jury that the Court felt the first count had been satisfactorily proven beyond a reasonable doubt.