431 F.2d 953
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Gene CASEY, Defendant-Appellant.
 No. 29666 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 September 8, 1970.
 
 J. Clinton Sumner, Jr., Rome, Ga. (Court-appointed), for defendant-appellant.
 John W. Stokes, Jr., U. S. Atty., Robert E. Whitley, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Casey was convicted by a jury of knowingly passing a counterfeit $20 bill in violation of 18 U.S.C. § 472. We affirm.
 
 
 2
 The government sufficiently identified a $20 bill as being the bill passed by appellant so as to make it admissible in evidence. The testimony traced a counterfeit $20 bill from Casey to a liquor store, to a police officer, to a service station operator (who copied the serial number because the bill was suspicious), to a factory worker, to a bank (where it was found to be counterfeit and initialed by a bank officer), to a police officer who also initialed it, and thence to a Secret Service agent. The bank officer and the police officer identified their initials.
 
 
 3
 The evidence of guilty knowledge by Casey was more than adequate. There was testimony that Casey's younger brother, who had sought to pass the bill, told Casey the store refused to accept it because it was no good, and that at a second store, where Casey himself attempted to pass the bill, the clerk advised him it was no good and Casey himself snatched the bill from her hand and hastily left the premises. King, the person who had handed Casey the bill as part of a loan transaction, testified that he advised Casey to allow him to return the bill to its source or tear it up. Casey's own statement to a Secret Service agent, given after a Miranda warning, acknowledged that he and others with him in the series of events had been told the bill was no good and counterfeit and that subsequently he used the bill in the purchase of beer. The mere passing of counterfeit money is not sufficient to establish guilty knowledge, but this is not a case of passing without more. Cf. Paz v. United States, 387 F. 2d 428 (5th Cir. 1967). Casey persisted in his efforts to pass the bill after he was advised by more than one person that it was counterfeit, and ultimately he was successful. His acts prior to the actual passing, and of a similar nature, were indicative of his knowledge and intent to defraud. Id. His own statement confirmed what the evidence otherwise showed.
 
 
 4
 Affirmed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I