**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Walter Allen REID, Defendant-Appellant.**

**No. 31041**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 28, 1971.

---

John S. Tucker, Jr., Birmingham, Ala., for defendant-appellant.

Walter A. Reid (pro se).

Wayman G. Sherrer, U. S. Atty., Melton L. Alexander, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

A jury in the United States District Court for the Northern District of Ala-

bama found Walter Allen Reid guilty of three counts of conspiracy to steal goods in interstate commerce, under 18 U.S.C. §§ 659, 2314. The theft was the taking of a trailer, loaded with $123,760 worth of mercury, from the motor freight terminal where it was awaiting interstate transportation.

On appeal, Reid argues that the court below erred in refusing to direct a verdict of acquittal and in refusing to grant a mistrial because of assertedly prejudicial statements. We affirm Reid's conviction.

Reid's first point on appeal is usually stated in terms of the sufficiency of the evidence to support the jury verdict. There was ample testimony in the trial below to support a verdict of guilty. David Harkins, charged in the indictment as a co-conspirator, testified that before the theft Reid asked him to find a purchaser for stolen mercury. Also, Harkins testified that on the day of the theft Reid asked him to find a tractor truck with which to haul a trailer. Unable to get a tractor by himself, Harkins approached Nathan Frazier, who arranged for the use of a tractor for the evening. Harkins then escorted Frazier to Reid's place of business.

Frazier, also indicted as a co-conspirator, testified at the trial. He said that once he arrived at Reid's place of business, he acted on orders from Reid. He and Reid went to Sandy Lumber Co., where the truck tractor was parked. On Reid's instructions, Frazier drove the tractor to the Anniston Motor Express terminal, attached the tractor to the trailer, and returned with the trailer to the Sandy Lumber Co. There the trailer was unloaded, under Reid's supervision, and the mercury was transferred to three or four smaller trucks. Again under Reid's instructions, Frazier then took the trailer to a rural area and abandoned it.

At the trial, Reid denied all the material statements of Harkins and Frazier.

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company

of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

On appeal Reid's major effort is directed at impeaching the credibility of Harkins and Frazier. Reid urges that Harkins falsified his testimony because of promises of leniency from the government and because of long-standing animosity toward Reid. Reid charges that Frazier was antagonistic to him because Frazier was having an affair with the wife of Reid's brother and Reid was generally known to have threatened to injure Frazier if he ever met him.

The question of bias of the government witnesses is one for the jury. And here defense counsel explicitly focused on the issue. Despite such allegations of bad motive and inconsistencies in testimony, the jury chose to believe Harkins's and Frazier's versions of the events rather than Reid's.

It is not our function to weigh the evidence. The jury is charged with determining the facts on the basis of the evidence in the case. "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 1944, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704. In a criminal case, this must be evidence which a reasonably minded jury could find adequate to support the defendant's guilt beyond a reasonable doubt. See Henderson v. United States, 5 Cir. 1970, 425 F.2d 134; Nagell v. United States, 5 Cir. 1968, 392 F.2d 934. Credibility choices are for the jury, not a reviewing court. Taking the evidence in the light most favorable to the government, there was sufficient evidence in this case to support the verdict of guilt.

Reid next asserts that statements made by witnesses, prosecutor and trial judge were prejudicial. We see nothing prejudicial about these statements. Tangentially, we think the attorney representing the government in the trial of this case demonstrated admirable candor and helpfulness in his relations with the court and defense counsel.

For the above reasons, the judgment of the trial court is affirmed.