**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Francisco Javier JIMINEZ–SERRATO,
Defendant-Appellant.**

**No. 71–1611
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1971.

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409.

Carlos B. Fernandez, Miami, Fla. (Court appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Harold F. Keefe, Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

INGRAHAM, Circuit Judge.

This is an appeal from a criminal prosecution for violation of 18 U.S.C. § 472.

> "Whoever, *with intent* to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both."

Defendant was convicted by a judge sitting without a jury under Rule 23(c), F.R.Cir.P. and "waived" any making of special findings of fact. The prosecution's evidence produced at trial consisted solely of the testimony of Secret Service Agents Louis Cruz and Arthur Rivers.

Agent Cruz testified that he had met with defendant Serrato while undercover on a secret service mission in Bogota, Columbia; that at the meeting defendant had offered to supply him with some counterfeit bills, but that when the bills were to have been delivered the defendant failed to appear.

Agent Rivers testified that a confidential informant arrived in his office at 9:00 A.M., November 30, 1970, and surrendered to him a counterfeit $100 bill and six $50 bills; that he marked the bills and at 12:45 P.M. that day he and several other secret service agents, in the company of the informant, went to a hotel where the informant was scheduled to meet with the defendant. He testified further that the informant was instructed to present a closed enve-

lope containing the bogus bills and state that he had attempted to pass the currency, but that the counterfeits were not passable; that the informant waited while the secret service "staked out" the lobby of the hotel and that he then entered the lobby; that the informant then went up to the defendant and after a conversation of 3 or 4 minutes handed the envelope to the defendant. The conversation continued for several more minutes and then, on pre-arranged signal, the secret service moved and arrested the defendant.

Defendant moved the court for a judgment of acquittal on the grounds that the offense charged under 18 U.S.C. § 472 required proof of knowledge or willfulness, and that the Government had failed to prove this element of the offense. The court, however, overruled this motion, taking the testimony of Agent Cruz to have established, at least circumstantially, that defendant had knowledge that the bills were counterfeit.

Defendant then testified in his own behalf that he had entered the United States lawfully and had met the informant through a man he had known for 10 years, and that he had entrusted to the informant a ring which he valued at $550. He testified that the informant took the ring, either to buy it on his own account or to sell it for the defendant. He further testified that the informant had agreed to meet with him in the lobby of the hotel, and at that meeting he had expected that the informant would give him some information about the sale of the ring. He stated that the informant told him: "Take this and then later we will talk." He accepted the proffered envelope and stuck it in his coat pocket. He testified that he never looked into the contents of the envelope. A few minutes later he was arrested by the Secret Service and found with the marked counterfeit bills in his possession.

■ Defendant, in his sole point of argument on appeal, asks whether knowledge, intent and concealment were sufficiently proven by the Government. In essence, he asks this court to rule on the denial of the motion for judgment of acquittal. In such an appeal it is, of course, true that we must sustain the verdict of guilty if there is substantial evidence, taking the view most favorable to the Government to support it. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1944). "Substantial evidence" in this context means evidence that a reasonably minded jury—or judge in a non-jury trial—could accept as adequate and sufficient to support the conclusion of defendant's guilt beyond a reasonable doubt. United States v. Reid, 441 F.2d 1089 (5th Cir., 1971); United States v. Barfield, 447 F.2d 85 (5th Cir., 1971). In the circumstances of this case we are unable to conclude that substantial evidence supports the trial court's verdict.

■ Aside from an inference drawn from Agent Cruz's testimony, there is no evidence in the record that would support the judge's finding of guilty knowledge. It is well settled in this circuit that the mere possession of counterfeit bills is not sufficient to show knowledge. Paz v. United States, 387 F.2d 428 (5th Cir., 1967); Ruiz v. United States, 374 F.2d 619 (5th Cir., 1967); United States v. Alea, 433 F.2d 948 (5th Cir., 1970). While from the evidence in this case it is undisputed that defendant had at the time of his arrest possession of an envelope containing counterfeit bills, this in itself has no probative value insofar as the *mens rea* required by 18 U.S.C. § 472 is concerned. There are none of the indicia of knowledge of the counterfeit nature of the bills as found in other cases where knowledge has been inferred from the surrounding circumstances of the case. Compare Paz v. United States, *supra;* Ruiz v. United States, *supra;* United States v. Alea, *supra.* The defendant here did not attempt to pass any of the bills, nor did he possess any counterfeit bills other than those in the envelope handed to him by the informant. Compare United States v. Capocci, 433 F.2d 155 (1st Cir., 1970). All that Serrato did was to accept a closed envelope

without inspecting its contents. This action is itself innocuous. Inferences drawn from these acts are of no avail. *Paz, supra.*

In essence, the case boils down to whether the defendant, who took the stand and testified subject to cross-examination, or the unnamed and unproduced Government informant is to be believed, for it is only the informant's suggestion to the Government agents that he obtained the counterfeit bills in question from defendant which ties him to the bills. While the informant has a qualified privilege not to testify, Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1953), the Government's attempt to make its case against Serrato without the informant's testimony failed to prove *mens rea.*

The judgment of conviction is reversed.