**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joe Samuel KING, Defendant-Appellant.**

**No. 15361.**

United States Court of Appeals Sixth Circuit.

Jan. 17, 1964.

Arthur C. Plate (Court Appointed), Cincinnati, Ohio, for appellant.

David E. Smith, Asst. U. S. Atty., Knoxville, Tenn., J. H. Reddy, U. S. Atty., Knoxville, Tenn., on brief, for appellee.

Before MILLER, Circuit Judge, and WEINMAN and KAESS, District Judges.

PER CURIAM.

Appellant, Joe Samuel King, was indicted jointly with William Lynn Smith for passing a counterfeit $100 Atlanta Federal Reserve Note with intent to defraud, in violation of the provisions of Section 472, Title 18 United States Code. He was found guilty by a jury and received a sentence of 57 months.

Appellant admitted that the bill was a counterfeit and that it was passed by him, but contends that he did not know it was a counterfeit and had no intent to defraud. The naked act of possessing and passing counterfeit money without knowledge that it is counterfeit does not constitute the offense charged. There must also be intent to defraud. Marson v. United States, 203 F.2d 904, 906, C.A. 6th. He contends that the Government's evidence was insufficient to take the case to the jury on the question of intent and that the District Judge erred in overruling his motion for acquittal at the conclusion of the Government's case.

Direct proof of intent is not necessary. It may be inferred from the acts of the parties and is a question of fact

to be determined from all the circumstances. Battjes v. United States, 172 F.2d 1, 5, C.A. 6th. Appellant contends that he obtained the bill which was passed from his co-defendant in payment of a $50 debt. But there was evidence that he received two counterfeit $100 bills from Smith and that he passed one in one cafe and was in the process of passing the other one in another cafe when "the law walked in." At that time he grabbed the bill and threw it toward the floor. There was also evidence that the bill was undersized, off color and a bad looking bill.

■ We are of the opinion that the evidence was sufficient to take the case to the jury.

The judgment is affirmed.