**Robert Orville SOUTHARD, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

**No. 71-1497.**

United States Court of Appeals, Sixth Circuit.

Jan. 17, 1972.

Alan Arnold, Cleveland, Ohio (Court appointed), for defendant-appellant; November & Arnold, Cleveland, Ohio, on brief.

Edward S. Molnar, Cleveland, Ohio, for plaintiff-appellee; Frederick M. Coleman, U. S. Atty., Edward S. Molnar, Asst. U. S. Atty., Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and ROTH, District Judge.*

PER CURIAM.

▮ Southard appeals from his conviction of passing a counterfeit $20 note and of possession of forty-one counterfeit notes. The sole question on appeal is the sufficiency of the evidence to support the verdict of the jury. We hold that there was ample direct and circumstantial evidence to justify the jury in convicting him.

This record shows that Southard purchased gasoline in Vermilion, Ohio, using a counterfeit $20 federal reserve note and receiving the difference in change. The service station attendant testified that he noticed that the green color of the bill appeared "awful light" and that the "paper felt kind of funny." He wrote down the license number of the car and called the police department. More counterfeit $20 bills were found in the cash register of a bar after Southard's arrest outside the bar as he was preparing to leave. Although no counterfeit bills were found on Southard's person at the time of his arrest, a packet of counterfeit $20 bills bearing the same serial numbers as those found in the bar and at the service station were found on the floor of his automobile.

On this appeal the evidence and the legitimate inference to be drawn there-

---

* Honorable Stephen J. Roth, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

**1334**

from is viewed in the light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680.

 In this situation direct proof of intention is not necessary. It may be inferred from the acts of the parties and is a question of fact to be determined by the jury from all the circumstances. United States v. King, 326 F.2d 415 (6th Cir.).

Affirmed.