**Victor Manuel RUIZ and Antonio Rodriguez, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 23602.**

United States Court of Appeals Fifth Circuit.

March 24, 1967.

Jack R. Nageley, Miami Beach, Fla., Max Engel, Jack J. Taffer, Miami, Fla., for appellants.

Victor Manuel Ruiz and Antonio Rodriguez, pro se.

Michael J. Osman, Asst. U. S. Atty., Miami, Fla., William A. Meadows, Jr., U. S. Atty., Morton Orbach, Asst. U. S. Atty., Miami, Fla., for appellee.

Before PHILLIPS,* JONES and THORNBERRY, Circuit Judges.

PER CURIAM:

Appellants Ruiz and Rodriguez were convicted by a jury for having passed counterfeit United States securities with intent to defraud in violation of Sections 472 and 2 of Title 18, U.S.C.[1]

---

* Of the Tenth Circuit, sitting by designation.

1. 18 U.S.C. § 472 reads as follows:
   Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,-000 or imprisoned not more than fifteen years, or both.

**620**

The only substantial question presented by this appeal is whether there was sufficient evidence from which a jury could properly infer guilty knowledge of the counterfeit nature of the bills, such knowledge being an element of the crime charged.[2] The verdict of the jury must be sustained if supported by substantial evidence, including reasonable inferences drawn therefrom, as viewed in the light most favorable to the government.[3]

The evidence before the jury was to the effect that Ruiz passed four counterfeit bills in three different lounges, all in a period of approximately three hours. Rodriguez was identified as having been with Ruiz in two of the lounges at times when Ruiz passed counterfeit bills. Rodriguez himself was found guilty of passing one counterfeit bill, and evidence was also introduced tending to show passage of another. Furthermore, one of the counterfeit ten dollar bills passed by Ruiz was tendered only after the bartender refused, because of lack of change, a twenty offered by Rodriguez. All of the bills passed by the appellants were of ten and twenty dollar denominations, and each passage was made in payment of a small item—a single drink or a six pack of beer or carbonated beverages. There is also evidence that Ruiz removed several counterfeit twenty dollar bills from his person shortly before he was arrested.

█ Mere passage of a counterfeit bill does not give rise to an inference of guilty knowledge. It has been held, however, that rapid and repetitious passage of counterfeit currency is evidence of knowledge of the counterfeit nature of the currency,[4] especially where passage is made at several different establishments.[5] Evidence of repeated use of large counterfeit bills rather than of change received from earlier purchases is also relevant.[6] Probably the strongest evidence of guilty knowledge is an attempt to abandon counterfeit currency when detection is feared.[7]

 A close review of the record and the case law convinces us that there was sufficient evidence from which a jury could infer the requisite guilty knowledge on the part of both Ruiz and Rodriguez. Feeling that the other points raised by appellants are without merit, we

Affirm.

2. E. g., United States v. Brown, 2nd Cir. 1965, 348 F.2d 661; Marson v. United States, 6th Cir. 1953, 203 F.2d 904.

3. Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Bruni, 7th Cir. 1966, 359 F. 2d 802.

4. See United States v. Releford, 6th Cir. 1965, 352 F.2d 36; Carrullo v. United States, 8th Cir. 1950, 184 F.2d 743.

5. Marson v. United States, 6th Cir. 1953, 203 F.2d 904; Carrullo v. United States, supra, note 4.

6. See cases cited in footnotes 4 and 5.

7. See United States v. King, 6th Cir. 1964, 326 F.2d 415; United States v. Kelley, 7th Cir. 1951, 186 F.2d 598.