**Alvino Cortez PAZ, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 24185.

United States Court of Appeals Fifth Circuit.

Dec. 28, 1967.

---

James M. Bowers, Pampa, Tex., for appellant.

Melvin M. Diggs, U. S. Atty., Conard L. Florence, Alex H. McGlinchey, Asst. U. S. Attys., for appellee.

Before TUTTLE, GEWIN and GOD-BOLD, Circuit Judges.

GODBOLD, Circuit Judge:

Appellant appeals from his conviction on a two count indictment under 18 U.S. C.A. § 472.[1] Count one charged passing a described counterfeit $20 bill, count two possession of a second counterfeit $20 bill.

The sole issue is whether there was evidence from which the jury could conclude that Paz had the requisite guilty knowledge that the bills were counterfeit. Paz, in the company of a codefendant who is not a party to this appeal, drove into a service station in an isolated rural area. The two handed to Moore, the service station attendant, a $20 bill in payment for $2 worth of gas. Moore had seen Paz take a bill from his wallet and assumed this was the bill handed him. Moore previously had heard that counterfeit bills were being passed in the area; he had heard descriptions of how they looked and felt and had a list of serial numbers of bogus bills. He examined the $20 note and the way it felt, mentally comparing it with what he had heard about the counterfeit bills being passed in the area. He then walked into the service station and discussed the bill with a salesman who also had a list of serial numbers. The salesman looked at the bill and felt it.[2] The two of them concluded it was not genuine.

1. "Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both."

2. It is not clear whether the two men, or either of them, checked the bill against the serial numbers they state they had.

Moore gave the men the change and took down their license number as they drove out. Immediately he called the sheriff and reported to him that he thought he had a counterfeit $20 bill.

The sheriff came to the scene and after discussion with Moore relayed a description of the two men and their car to surrounding towns. The sheriff of a neighboring county received the information from his dispatcher and arrested Paz and his companion. He searched the two and found approximately $470 in Paz' pocket, including another $20 bill that "didn't look natural." He examined the texture of it. He had received a bulletin about counterfeit bills and was under the impression that the serial number of this particular bill had been in the bulletin. The sheriff testified the bill was the same size as a regular $20 note, but did not look like the other money and that in his opinion "you could tell right off" it was counterfeit, that it "just stood out like a sore thumb from the other bills."

The codefendant gave officers a statement that he and Paz were the persons who passed a $20 bill at the service station.

Both bills subsequently were identified as counterfeit by a Secret Service agent, who described his determination for ascertaining whether it was genuine. He found that it was not printed on genuine paper, the paper lacking silk threads, and that it was printed from an offset method, as opposed to intaglio, which does not give as much depth to printing as in a genuine bill, so that the bill loses its fineness, detail and sharpness.

■■ The mere passing of the bills is not sufficient to show knowledge. Ruiz v. United States, 374 F.2d 619 (5th Cir. 1967). The *Ruiz* case analyzes many of the pertinent principles. There is no presumption of guilty knowledge from the fact that the note is subsequently proved to be counterfeit. United States v. Ruffino, 67 F.2d 440 (2d Cir. 1933).

■ Guilt and knowledge seldom can be shown by direct evidence, and the jury may scrutinize the entire conduct of the defendant at or near the time when the money was passed. United States v. Carlson, 359 F.2d 592 (3d Cir. 1966). Acts of a similar nature may be shown as indicative of knowledge and intent to defraud; see Bell v. United States, 100 F.2d 474 (5th Cir. 1938) (repeated purchases, each of a few gallons of gas, in the same town on the same night at separate service stations, and payment for each purchase with a counterfeit $20 bill.)[3] Attempts to abandon counterfeit currency are significant, United States v. Kelly, 186 F.2d 598 (7th Cir.), cert. denied, 341 U.S. 954, 71 S.Ct. 1004, 95 L.Ed. 1375 (1951). Furtive conduct by the defendant is relevant. United States v. Forzano, supra. Acquisition of the bills by the accused at a discount or under other circumstances that would cause him to be suspicious of their genuineness is pertinent. McMillon v. United States, 272 F.2d 170 (5th Cir.), cert. denied 362 U.S. 940, 80 S.Ct. 805, 4 L.Ed.2d 769 (1961). Hagan v. United States, 295 F. 656 (6th Cir. 1924).

None of these differentiating circumstances is shown to be present in this case. All that was shown was one purchase for an amount substantially less than the amount of the note, followed by recognition of the first, and then the second, bill as counterfeit. Each person who testified to recognizing or suspecting either note as bogus had been alerted by some external circumstance to examine the bill before him with a specific purpose of determining whether it did or did not appear to be genuine. There is no evidence that the normal, reasonable person in pursuit of his own affairs, not alerted by some fact, statement or circumstance to be on the lookout for counterfeit bills,

---

3. See also United States v. Releford, 352 F.2d 36 (6th Cir. 1965), cert. denied, 382 U.S. 984, 86 S.Ct. 562, 15 L.Ed.2d 473 (1966); United States v. Forzano, 190 F.2d 687 (2d Cir. 1951); United States v. Jonikas, 187 F.2d 240 (7th Cir. 1951), cert. denied, 344 U.S. 877, 73 S.Ct. 171, 97 L.Ed. 679 (1952); Carrullo v. United States, 184 F.2d 743 (8th Cir. 1950).

would have recognized either bill as spurious.

The government contends that guilt and knowledge may be inferred from the fact that Paz took the first bill from his wallet, while the second was in his pocket. If that were so men in this country must change their ways of carrying money.

The verdict of the jury must be sustained if supported by substantial evidence, including reasonable inferences drawn therefrom, viewed in the light most favorable to the government. Peters v. United States, 376 F.2d 839 (5th Cir. 1967). That standard is not met in this case.

The appellant should not be tried again unless evidence of guilty knowledge is developed additional to that presented at the trial appealed from.

Reversed and remanded for proceedings not inconsistent with this opinion.