UNITED STATES of America,
Plaintiff-Appellee,

v.

William Joseph DARA, Sam Nick Farinella and Anthony Esperti,
Defendants-Appellants.

No. 28754
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 7, 1970.

Rehearing Denied Aug. 10, 1970.

Milton E. Grusmark, Miami Beach, Fla., for Dara and Farinella.

Louis Vernell, Miami Beach, Fla., for Esperti.

Robert W. Rust, U. S. Atty., James H. Walsh, Special Atty., U. S. Dept. of Justice, Miami, Fla., Will R. Wilson, Asst. Atty. Gen., Criminal Division, U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Each of the appellants, Esperti, Dara and Farinella, was found guilty on two counts of violating 18 U.S.C.A. § 1951 (Hobbs Act). Each was also acquitted on a conspiracy count and two substantive counts of violating that Act. In Esperti v. United States, 5 Cir. 1969, 406 F.2d 148, we affirmed the judgments of conviction. Certiorari was denied. Farinella v. United States, 394 U.S. 1000, 89 S.Ct. 1591, 22 L.Ed.2d 777, rehearing denied, 395 U.S. 954, 89 S.Ct. 2013, 23 L.Ed.2d 473. The appellants then filed a motion for new trial in the District Court on the basis of newly discovered evidence, which was denied. A supplemental motion for new trial, also based on newly discovered evidence, was similarly denied. Appellants appeal from the denial of these motions. We affirm.[1]

---

1. Pursuant to our Rule 18 this case is decided without oral argument.

■ The appellants first complain that the trial court erred in denying them an evidentiary hearing on their motion for new trial. It is clear, however, that a motion for new trial may be decided upon affidavits without a hearing. Gurleski v. United States, 5 Cir. 1968, 405 F.2d 253, 267, cert. denied, 395 U.S. 981, 89 S.Ct. 2140, 23 L.Ed.2d 769; Lyles v. United States, 5 Cir. 1959, 272 F.2d 910, cert. denied, 356 U.S. 931, 78 S.Ct. 773, 2 L.Ed.2d 761.

■ Appellants' next contention, that they were entitled to a new trial because one of the prosecuting witnesses had recanted his testimony that $2,000 had been extorted and that the appellants had located a witness present at the time the money was allegedly taken who would corroborate their version of the events, is also without merit. Testimony which is merely impeaching or cumulative is not a sufficient basis for a new trial based on newly discovered evidence. *E. g.*, Mesarosh v. United States, 1956, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1; Batsell v. United States, 8 Cir. 1968, 403 F.2d 395, cert. denied, 393 U.S. 1094, 89 S.Ct. 865, 21 L.Ed.2d 785. In the instant case, the trial judge found that the witness, whose testimony appellants sought to impeach, had been subject to "one of the most severe cross-examinations that I have seen in quite a long time." Accordingly, we are convinced that the trial judge did not abuse his discretion in refusing to grant the motion for new trial.

■ Appellants finally argue that the supplemental motion for new trial should have been granted because it was discovered, after the trial, that one of the Government's witnesses was a business associate of the foreman of the jury. While the voir dire is not reflected in the record, there is no representation by the appellants that they requested a list of prospective witnesses which would have enabled them to discover the relationship on voir dire. This alone would establish a lack of diligence which would militate against granting a new trial. But more importantly, the witness who was associated with the foreman of the jury was not present in the room when the money was taken and appellants admit that his testimony "primarily alluded to facts circumscribing the alleged conspiracy." Since appellants were acquitted on the conspiracy count, appellants have not met their burden of showing prejudice of the juror. United States v. Provenzano, 3 Cir. 1965, 353 F.2d 1011, cert. denied, 384 U.S. 905, 86 S.Ct. 1340, 16 L.Ed.2d 358.

Affirmed.