**UNITED STATES of America**

v.

**John Russell DORSEY, Appellant.**

**No. 71–1880.**

United States Court of Appeals, Third Circuit.

Submitted April 20, 1972 under 3rd Cir. Rule 12(6).

Decided May 10, 1972.

John J. Brier, Kelleher, Brier, Wassell & Rinaldi, Scranton, Pa., for appellant.

S. John Cottone, U. S. Atty., Laurence M. Kelly, Asst. U. S. Atty., Scranton, Pa., for appellee.

Before ADAMS, MAX ROSENN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

John Dorsey was tried and found guilty for his participation in an armed robbery of the York Bank and Trust Company in York, Pennsylvania, in violation of 18 U.S.C. § 2113(d). After submitting post trial motions, an evidentiary hearing was held to determine whether the pretrial identification procedures were properly conducted and if not, to ascertain whether the in-court identification had independent origins, uninfluenced by the pretrial identification. Appellant's motions were subsequently denied.

In this appeal Dorsey contends: (1) that the verdict was not supported by the evidence; (2) that his constitutional rights were violated by the absence of blacks on his jury; (3) that the method of sequestering the witnesses was so prejudicial as to warrant a new trial; (4) that the pretrial identification procedures were violative of his constitutional rights and (5) that his right to a preliminary hearing was denied.

## I—SUFFICIENCY OF THE EVIDENCE

Appellant argues that various witnesses did not have an opportunity to view clearly the individuals involved in the robbery and that therefore the evidence was insufficient to sustain a conviction. Although a number of witnesses testified that they had seen Dorsey for only a "few seconds," the testimony of another witness, one of the bank tellers, clearly indicated that Dorsey was in her sight for a substantial period of time. Her testimony alone is sufficient to sustain the verdict. *See* United States v. Bamberger, 456 F.2d 1119 (3d Cir., 1972); United States v. Levi, 405 F.2d 380, 382 (4th Cir. 1968); 7 Wigmore on Evidence ¶ 2034, at 259 (3d. ed. 1940).

## II—THE ABSENCE OF BLACK JURORS

Appellant does not contend that the jury panel was improperly drawn by reason of *systematic* exclusion of blacks Rather, he argues that he was not tried by a jury of his peers as required by Article III of the Constitution, since there were no blacks on his particular jury.[1]

Although a defendant in a criminal trial is entitled to a jury selected from a master list reflecting the broad spectrum of society, Carter v. Jury Commission, 396 U.S. 320, 90 S.Ct. 518, 24 L.Ed.2d 549 (1970), it is not constitutionally required that he be tried by a jury including persons of his race or economic class, or by a jury proportionately representative of his community. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); Thomas v. Texas, 212 U.S. 278, 29 S.Ct. 393, 53 L.Ed. 512 (1909).

1. There were two blacks on the jury panel.

## III—METHOD OF SEQUESTRATION

The sequestration of witnesses rests within the discretion of the trial court. United States v. Harris, 409 F.2d 77 (4th Cir. 1969); 6 Wigmore on Evidence ¶ 1837 (3d ed. 1940). Here, after consultation with counsel, the Court sequestered the witnesses outside the courtroom, where they returned immediately after testifying. Appellant contends that the method employed was inherently prejudicial "since he [had] no way of determining whether a subsequent witness [was] conforming his testimony to that of a former witness . . . ." However, no specific prejudice is alleged and in any event, since no objection was made at trial, appellant is precluded from raising this issue on appeal. *See* United States v. Carter, 401 F.2d 748 (3d Cir. 1968), cert. denied, 393 U.S. 1103, 89 S.Ct. 905, 21 L.Ed.2d 797 (1969).

## IV—PRETRIAL IDENTIFICATION PROCEDURES

Citing our opinion in United States v. Zeiler, 427 F.2d 1305 (3d Cir. 1970), Dorsey contends that the showing of certain photographs in the absence of counsel was a denial of his Sixth Amendment rights. This argument is precluded by our recent decision in United States ex rel. Reed v. Anderson, 461 F.2d 739 (3d Cir. 1972). Further, our review of the identification procedure at issue convinces us that it did not give rise to a "very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968).

## V—RIGHT TO A PRELIMINARY HEARING

No preliminary hearing was held since Dorsey was indicted prior to his arrest. Citing Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), appellant argues that the failure to hold a hearing pursuant to Rule 5, Fed.R.Crim.P., vitiates his conviction since he was thereby deprived of a meaningful defense and adequate representation.

In United States v. Conway, 415 F.2d 158 (3d Cir. 1969), we held that "the purpose of a preliminary hearing is to afford an arrested person a prompt determination as to whether there is probable cause to hold him for grand jury action . . . . *This purpose is served, and the hearing rendered unnecessary, by the return of an indictment.*" 415 F.2d at 160 (emphasis added).[2]

*Coleman* held that where a preliminary hearing is employed as a stage of a state's criminal process, the accused is entitled to counsel. 399 U.S. at 9–10, 90 S.Ct. 1999. It did not hold that all criminal prosecutions *must* include a preliminary hearing and does not affect the necessity of the preliminary hearing in situations such as the instant case. See United States v. Coley, 441 F.2d 1299 (5th Cir. 1971); United States v. LePera, 443 F.2d 810 (9th Cir. 1971); United States v. Foster, 440 F.2d 390 (7th Cir. 1971).

The judgment will be affirmed.

---

2. The Supreme Court stated in Jaben v. United States, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965):
"Furthermore, we think that the Government must proceed through the further steps of the complaint procedure by affording the defendant a preliminary hearing as required by Rule 5 [Federal Rules of Criminal Procedure], *unless before the preliminary hearing is held, the grand jury supersedes the complaint procedure by returning an indictment. . . .*" 381 U.S. at 220, 85 S.Ct. at 1369 (emphasis added).