**UNITED STATES of America,**
**Appellee.**

v.

**Eligh CLICK, Appellant.**

**No. 73–1651.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1974.

Decided March 20, 1974.

Webster L. Hubbell, Little Rock, Ark., for appellant.

W. H. Dillahunty, U. S. Atty., and Gene O'Daniel, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before GIBSON, BRIGHT, and STEPHENSON, Circuit Judges.

PER CURIAM.

Defendant was convicted of possessing 22 Federal Reserve notes ($20.00 United States obligations) with intent to defraud in violation of 18 U.S.C. § 472.[1] The District Court[2] found defendant guilty and sentenced him to three years imprisonment.

Defendant raises one issue on appeal: the evidence was legally insufficient to support a conclusion that he possessed the counterfeit $20 bills. Rejecting that argument, we affirm the judgment of conviction.

On March 24, 1973, defendant drove two friends, Herman Lee Caldwell and John Clayborn Richardson, who were also charged with and convicted of the same violation as defendant, to Benton, Arkansas. They first visited a small cafe, the residence of a girl friend of Click, and then another restaurant. Defendant paid for a carry-out chicken dinner with a $20 bill at the second restaurant, but was later confronted in the parking lot by the owner, claiming that the $20 bill was counterfeit. Defendant returned the change given to him by the restaurant owner, whose husband meanwhile had called the police. The record does not indicate whether defendant or one of his companions paid for the dinner.

The Benton Police Department had received information concerning the passing of this counterfeit money and a description of the car defendant was driving. Sergeant Ray Richmond of the Benton Police Department observed defendant's car and proceeded to stop it for investigation. As he was following the car driven by defendant, he noticed some paper fly out the window. Caldwell testified that he threw the counterfeit money out one of the back windows, since he learned from the restaurant owner that the money was counterfeit. A Secret Service agent, James Edward Haldeman, found $65 of legitimate currency on Caldwell after his arrest. Apparently, as the District Court found, Caldwell quickly separated, or had already separated, the legitimate currency from the counterfeit currency before tossing the bogus 22 bills out of the car's window. Another officer, Ricky Hart, picked up the 22 counterfeit bills near the car defendant had been driving.

Defendant testified that he had earlier lost all of his "good money" in a craps game, that he borrowed $40.00 (two twenties from Caldwell), and that he lost one of these twenties in the same craps game. Caldwell testified that he had won approximately $500 in the game, much of it from a "dude" called Pine Bluff Slim, whom none of the defendants knew. Defendant stated that the $20 bill he gave the restaurant owner came from Caldwell (presumably Pine Bluff Slim lost the bogus twenties to Caldwell in the craps game) and that he did not know that it was counterfeit or that the 22 bills found outside the car were counterfeit. Defendant does not explain how a Secret Service agent found $18.00 of legitimate currency plus change on him later that evening after his arrest, when defendant, by his testimony, stated he had lost all of his legitimate money in the craps game.

Defendant argues that no evidence was introduced to demonstrate that he had possession of the counterfeit bills. We disagree.

Defendant had earlier passed a $20 bill to the restaurant owner, which appeared to her to be counterfeit. One po-

---

1. That section reads:
   *Whoever, with intent to defraud,* passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or *keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States,* shall be fined not more than $5,000 or imprisoned nor more than fifteen years, or both. (emphasis added).

2. The Honorable Oren Harris, United States District Judge, Eastern District of Arkansas, presided without a jury.

lice officer observed paper flying out of the window at the time of the investigative stop, and another officer retrieved the counterfeit bills. Defendant's testimony concerning the legitimate currency he possessed was blatantly unreliable. This evidence was sufficient to conclude that defendant, in league with his confederates, possessed the 22 counterfeit $20 bills. It is apparent that the trio, all of whom were charged, had embarked on a program of passing the counterfeit bills. Defendant in making a small purchase proffered the $20 bill that the restaurant owner thought was counterfeit, when he also had legitimate currency and silver—three $5 bills, three $1 bills, and some change. All of these individuals, including the defendant, had access to and were jointly engaged in possessing the 22 Federal Reserve notes with intent to defraud.

We think that the evidence clearly indicates that defendant had knowledge of the presence of the contraband plus a share of the control over it, which is legally sufficient evidence to constitute possession. United States v. Hutchinson, 488 F.2d 484, 488 (8th Cir. 1973).

Judgment of conviction affirmed.