**UNITED STATES of America,
Appellee,**

v.

**Eugene Isaac PITTS, Appellant.**

**No. 74–1142.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1974.

Decided Dec. 10, 1974.

Rehearing and Rehearing En Banc
Denied Jan. 13, 1975.

———◆———

Christopher C. Mercer, Jr., Little Rock, Ark., for appellant.

Richard M. Pence, Jr., Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before VOGEL, Senior Circuit Judge, and LAY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

The primary issue on this appeal concerns the sufficiency of the evidence to support appellant's conviction, by a jury, of possession of counterfeit United States federal reserve notes with intent to defraud in violation of 18 U.S.C. § 472 (1970).[1] Appellant also asserts three other grounds for reversal which involve the court's failure to grant a new trial based upon allegedly prejudicial misconduct in the presence of the jury panel and a claim that a witness's prior felony conviction was improperly introduced into evidence. We affirm.

Appellant Pitts, a law student at home on spring vacation, was attending an afternoon showing of a motion picture at a Little Rock theater with three friends. These four young men were, according to the testimony of the doorman, the only persons seated on the right-hand side of the nearly empty auditorium.

1. That statute provides in relevant part:
Whoever, with intent to defraud * * * keeps in possession * * * any falsely made, forged, counterfeited, or altered obligation or other security of the United States [shall be punished].

When what appeared to be a counterfeit $20 bill was discovered in the ticket seller's afternoon receipts, the theater management summoned the local police and the United States Secret Service. Just as the police arrived at the theater, one of Pitts's companions was in the lobby buying some popcorn. Although this individual claimed not to have seen the police, the doorman testified that he noticed that Pitts and his friends had altered their seating arrangements within a few moments after their companion reentered the auditorium.

Meanwhile, the Secret Service Agent had arrived at the theater, examined the suspect $20 bill, and determined that it was counterfeit. The doorman stated that he had been observing Pitts and his friends since their entry intô the theater and pointed them out to the authorities. Appellant and his friends were taken by the police to a room in the theater and questioned.

A subsequent search of the theater uncovered two "wadded up" counterfeit $20 bills on the floor directly in front of the seat in which appellant had been sitting when he was approached by the officers. When Pitts was informed of this discovery during questioning, he replied that he knew nothing at all about any counterfeit money, including those particular bills However, later examination of the bills by the Secret Service revealed that one of appellant's fingerprints was present on one of the counterfeit notes.

Appellant insisted that he be allowed to conduct his own defense as to both counts of the indictment brought against him. However, the district court on its own motion appointed an attorney with criminal trial experience to sit with appellant and be available for consultation. The facts outlined above were basically undisputed at the trial. The exception was the doorman's testimony with regard to the changing of seats by appellant and friends. Two of Pitts's companions stated that they did not recall any changing of seats. Appellant did

not testify. The jury found Pitts guilty on both counts of possession of counterfeit money with intent to defraud. He was given two concurrent three year sentences with two years of each sentence suspended. Following two unsuccessful motions for a new trial, this appeal was filed.

Appellant contends that the district court erred in denying his motion for a judgment of acquittal which was made at the close of the government's case and renewed at the close of the entire case. While appellant does not dispute that the bills were counterfeit, he alleges that the government's evidence was insufficient to prove the other essential elements of the crimes charged, namely that he *knowingly possessed* the counterfeit bills with an *intent to defraud*. We disagree and hold that the evidence, viewed in the light most favorable to the jury's verdict, United States v. Gaskill, 491 F.2d 981, 982 (8th Cir. 1974); United States v. Hutchinson, 488 F.2d 484, 489 (8th Cir. 1973), cert. denied 417 U.S. 915, 94 S.Ct. 2616, 41 L.Ed.2d 219 (1974); United States v. Pope, 415 F.2d 685, 686 (8th Cir. 1969), cert. denied, 397 U.S. 950, 90 S.Ct. 973, 25 L.Ed.2d 132 (1970), supports the convictions.

■ Direct physical control of the counterfeit bills need not be shown in order to prove possession. As the district court properly instructed the jury, constructive as well as actual possession will satisfy the requirements of § 472. In United States v. Hutchinson, *supra*, 488 F.2d at 488, we stated that " '[c]onstructive possession' has been generally defined as knowingly having both the power and the intention to exercise dominion and control over the property." *See also* United States v. Click, 493 F.2d 1209, 1211 (8th Cir. 1974). Applying this standard to the facts of the case before us, we find ample evidence to support the jury's finding of possession.

The fact that the counterfeit bills were found on the floor in front of where appellant was sitting is not disputed. This proximity to the bills establishes

that Pitts had the requisite power to control them. The evidence of appellant's fingerprint on one of the bills demonstrates that appellant had had possession of that bill and that he, at some point, intentionally exercised direct control over it. From these facts the jury was entitled to find possession.

In a counterfeiting case the government must also prove that the defendant knew that the bills were counterfeit, United States v. Musquiz, 445 F.2d 963, 966 (5th Cir. 1971), and that he had a general intent to defraud unknown third parties with those bills, United States v. Wilkerson, 469 F.2d 963, 969 (5th Cir. 1972), cert. denied, 410 U.S. 986, 93 S.Ct. 1515, 36 L.Ed.2d 184 (1973). These essential elements of the crime are seldom provable by direct evidence. United States v. Castens, 462 F.2d 391, 394 (8th Cir. 1972). Because proof of these elements requires a finding as to the defendant's state of mind at a given moment, a jury in the usual case must rely on circumstantial evidence in order to determine whether the requisite mental condition existed. United States v. Cervantes, 466 F.2d 736, 739–740 (7th Cir.), cert. denied, Panas v. United States, 409 U.S. 886, 93 S.Ct. 108, 34 L.Ed.2d 143 (1972); United States v. Kimbrough, 481 F.2d 421, 423–424 (5th Cir.), cert. denied, 414 U.S. 1114, 94 S.Ct. 845, 38 L.Ed.2d 741 (1973). In reaching its verdict, the jury is entitled to scrutinize and make reasonable inferences from defendant's conduct and from all facts surrounding the incident in question. Castens, supra, 462 F.2d at 393–394; Kimbrough, supra, 481 F.2d at 424; United States v. Sheiner, 410 F.2d 337, 340 (2d Cir.), cert. denied, 396 U.S. 825, 90 S.Ct. 68, 24 L.Ed.2d 76 (1969).

The record in this case discloses three facts which the jury could have considered in reasonably inferring that appellant had guilty knowledge and an intent to defraud. The doorman testified that appellant and his friends altered their seating arrangement in the theater shortly after the arrival of the

police. Both knowledge and intent may be inferred from such "furtive" conduct. Paz v. United States, 387 F.2d 428, 430 (5th Cir. 1967); United States v. Forzano, 190 F.2d 687, 688 (2d Cir. 1951). Similarly, the jury could have viewed the wadded and crumpled bills in front of appellant's seat as evidence of an attempt to abandon the bills when threatened by the arrival of the officers. Paz, supra, 387 F.2d at 430; United States v. Kelley, 186 F.2d 598, 602–603 (7th Cir), cert. denied, 341 U.S. 954, 71 S.Ct. 1004, 95 L.Ed. 1375 (1951).

Finally, appellant's false exculpatory statement, in which he denied any knowledge whatsoever concerning the bills prior to the discovery of his fingerprint on one of them, could have been seen by the jury as a guilty man's desperate attempt to avoid arrest. In United States v. Merrill, 484 F.2d 168, 170 (8th Cir.), cert. denied, 414 U.S. 1077, 94 S.Ct. 594, 38 L.Ed.2d 484 (1973), we noted that "[a] long line of cases holds that false exculpatory statements are properly admissible as substantive evidence as tending to show guilt." Once admitted here, the jury could have reasonably decided to accept the inferences of guilty knowledge and intent to defraud that arose from Pitts's false statement. See also United States v. Lacey, 459 F.2d 86, 89 (2d Cir. 1972).

We hold that under the totality of the circumstances in this case the jury could reasonably infer that appellant was aware of the spurious nature of the counterfeit notes and possessed them with intent to defraud. Since the jury's determination is supported by the evidence, it may not be set aside. Castens, supra, 462 F.2d at 394. Denial of appellant's motion for a judgment of acquittal was not error.

Appellant next contends that the trial court abused its discretion when it denied his pro se motion for a new trial. In that motion appellant alleged that he had just become aware of the fact that prior to the selection of the jury, one of the defense witnesses was arrested in the

courthouse in the presence of the jury panel.

▮▮▮ Assuming that appellant made his motion on the ground that this incident amounted to newly discovered evidence,[2] we do not believe that the well-established prerequisites for a new trial were satisfied here. United States v. McWilliams, 421 F.2d 1083, 1084 (8th Cir.), cert. denied, 397 U.S. 1070, 90 S.Ct. 1515, 25 L.Ed.2d 694 (1970). Furthermore, even if the arrest did take place as alleged by appellant,[3] no prejudice to the appellant has been demonstrated. United States v. Price, 464 F.2d 1217, 1219 (8th Cir.), cert. denied, 409 U.S. 1040, 93 S.Ct. 522, 34 L.Ed.2d 489 (1972). In any event, the trial court carefully instructed the jury as to what constituted evidence and directed them to consider only evidence presented before the jury in determining the issue of guilt. Denial of the motion for a new trial under these circumstances was not error.

▮▮▮ Following the denial of this first motion, appellant filed a petition for a hearing on his motion for a new trial. In this petition appellant advanced several additional arguments as grounds for a new trial. The trial court's denial of the petition, following consideration of government briefs and affidavits which had been filed in response to appellant's charges, was within its discretion. United States v. Dara, 429 F.2d 513, 514 (5th Cir. 1970). See also Batsell v. United States, 403 F.2d 395, 402–403 (8th Cir. 1968), cert. denied, 393 U.S. 1094, 89 S.Ct. 865, 21 L. Ed.2d 785 (1969).

▮▮▮ Appellant's final contention is that the trial court erred in admitting evidence of a prior felony conviction of a defense witness when there was no prior showing that the credibility of that witness was in issue. We note that no objection was made to the admission of this evidence at trial. Under these circumstances, allowing the prior felony conviction to be introduced was not plain error and will not be reviewed in this court. Petschl v. United States, 369 F.2d 769, 773 (8th Cir. 1966). See also United States v. Ambrose, 483 F.2d 742, 748–749 (6th Cir. 1973); United States v. Rosebar, 150 U.S.App.D.C. 164, 463 F.2d 1255, 1258 n. 10 (1972); United States v. Thomas, 429 F.2d 407, 408 (5th Cir. 1970); United States v. Villahermosa, 411 F.2d 599 (9th Cir.), cert. denied, 396 U.S. 918, 90 S.Ct. 242, 24 L.Ed.2d 196 (1969).

We have carefully reviewed the record in this case and find no error.

Affirmed.

## ON PETITION FOR REHEARING EN BANC

The Court having considered petition for rehearing en banc filed by counsel for appellant and, being fully advised in the premises, it is ordered that the petition for rehearing en banc be, and it is hereby, denied.

Considering the petition for rehearing en banc as a petition for rehearing, it is ordered that the petition for rehearing also be, and it is hereby, denied.

Judge Lay would vote for a rehearing by the panel on the ground that the evidence is insufficient to sustain this conviction and insufficient to show proof of intent to defraud.

2. The motion by appellant did not specify the grounds upon which it was being made. However, because it was made 13 days after the jury's verdict, it was untimely unless made on the basis of newly discovered evidence. Fed.R.Crim.P. 33. See also United States v. Bryant, 430 F.2d 237, 240 (8th Cir. 1970).

3. Affidavits by the arresting officers state that the arrest was made out of the presence of the jury, that there were no witnesses, and that no disturbance was created.