592 So.2d 990 (1991)
Bob STEPHENS
v.
STATE of Mississippi.
No. 89-KA-0567.
Supreme Court of Mississippi.
December 31, 1991.
William O. Rutledge, III, New Albany, for appellant.
Mike C. Moore, Atty. Gen., W. Glenn Watts, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and BANKS, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Bob Stephens was indicted, tried and convicted in the Circuit Court of Union County, Mississippi, for possession of less than an ounce of marijuana with intent to sell and he was sentenced to serve three years in the custody of the Mississippi Department of Corrections. He has appealed to this Court and presents four issues for discussion:

I. THE LOWER COURT ABUSED ITS DISCRETION IN ORDERING THE ARREST *991 OF DEFENSE WITNESS PATTERSON PRIOR TO THE COMPLETION OF THE TRIAL, THEREBY PREJUDICING THE APPELLANT.

II. ARRESTING DEFENSE WITNESS PATTERSON PRIOR TO COMPLETION OF THE TRIAL NECESSARILY HAD A CHILLING EFFECT ON THE APPELLANT, THEREBY DEPRIVING HIM OF HIS ABSOLUTE RIGHT TO PARTICIPATE IN CLOSING ARGUMENT.
III. THE LOWER COURT ERRED IN REFUSING DEFENDANT'S LESSER INCLUDED OFFENSE INSTRUCTION.
IV. THE STATE FAILED TO COMPLY TIMELY WITH SECTION 4.06 OF THE MISSISSIPPI UNIFORM CRIMINAL RULES OF CIRCUIT COURT PRACTICE.

FACTS
New Albany Chief of Police David Grisham sought assistance from Willielean Patterson, as a confidential informant, to assist him and other officers of the law to contact and arrange a "buy" of marijuana from Bob Stephens. Patterson agreed to assist with the plan. On January 15, 1987, a briefing was held with Chief Grisham, Officer Tim Rutledge, Officer Benny Kirk and Officer Donna Conner, being present along with the confidential informant, Patterson. They were to proceed to the apartment of Bob Stephens at the Union Apartments. Officer Conner of the Mississippi Bureau of Narcotics, equipped with a concealed microphone to transmit the conversation to Chief Grisham and Officer Rutledge, and Patterson proceeded to the apartment to make the buy.
According to Officer Conner, Patterson introduced her to Stephens from whom Conner purchased two bags of marijuana for forty dollars ($40). Stephens went to a closet where he retrieved the marijuana from the pocket of a blue and white suit coat, and Conner then handed Stephens the money in exchange for the marijuana. She did not see anyone else in the apartment.
Officer Rutledge corroborated the testimony of Officer Conner. He testified that following the completion of the purchase, during which time he listened to what had been said and wrote down that information, all the officers involved met at the New Albany Police Department. Officer Rutledge also recorded Patterson's statement, read it back to her to ensure that it was accurate, according to standard policy, and then had her sign the statement. Patterson told him that the marijuana was purchased from "Bob Stephens." She had introduced Officer Conner to Bob Stephens. Rutledge testified further that, at the time, he took Patterson's statement, there was no dispute about what happened, and that no threats were made and no coercion used against Patterson.
Chief Grisham testified that he was present at the time Patterson gave her statement, and the statement was a fair record of what Patterson said occurred at the time. Chief Grisham said that he was familiar with Stephens' voice and was positive that the voice he heard through the body mike worn by Officer Conner was the voice of Stephens.
Patterson testified at trial that she had known Bob Stephens all her life; she referred to him as "Robert" or "Sugarbee;" she had never purchased marijuana from him; she would never do anything to harm Stephens; and, finally, Bob Stephens was not "Big Bob" whom the officers were trying to apprehend. She further stated that she returned to the police department with Officer Conner and that Officer Rutledge instructed her to sign a piece of paper where he had marked an "x"; that she never read the statement; that the statement was written down five to ten minutes after the completion of the purchase and no one had coerced her or threatened her into signing the statement. When asked to read the statement in open court, Patterson testified that the statement was not correct and she had only signed the statement because she had been instructed to do so.
On cross-examination, Patterson admitted that she had plead guilty to the crime *992 of false pretense on June 17, 1988. After hearing evidence outside the presence of the jury, the lower court ruled that the former conviction was admissible as a crime involving a false statement under Mississippi Rules of Evidence 609(a)(2).
After the defense rested and after the court dismissed the jury for lunch, the lower court issued a bench warrant for Patterson's arrest for perjury. The judge stated that he had heard sufficient testimony to determine that probable cause existed for her arrest.

DISCUSSION

I. and II.
Stephens contends (1) that the lower court abused its discretion in ordering the arrest of defense witness Patterson prior to the completion of trial, thereby prejudicing the jury and appellant and (2) the arrest of defense witness Patterson prior to completion of the trial had a chilling effect on the appellant, depriving him of his right to participate in closing argument.
After the defense rested and after the jury had been excused for lunch, the lower court issued a bench warrant for Patterson's arrest for perjury. This occurred outside the presence of the jury and the fact that Patterson had been arrested was never mentioned to the jury. Stephens contends that he could have been prejudiced, if jury members had heard of the arrest during lunch. Stephens argues that New Albany is a small town and that news of the arrest could have travelled throughout the town quite rapidly. He does not demonstrate how he was prejudiced by the actual arrest of Patterson and the record is silent.
We have been cited to no case involving this specific question in the State of Mississippi.[1] In United States v. Pitts, 508 F.2d 1237 (8th Cir.1974), and United States v. James, 466 F.2d 475 (D.C. Cir.1972), both courts found there was no reversible error under very similar facts as here. In Pitts, a defense witness was arrested in the courthouse in the presence of the jury prior to the selection of the jury. The court found that the appellant had failed to demonstrate any prejudice by the arrest. Id. at 1240-41. In James, a defense witness was arrested outside the courtroom while the jury was in the courtroom. There was some noise accompanying the arrest, but the court held that there was no reason to believe that the jury knew what was happening. Id. at 477.
Stephens next contends that the arrest of the witness for perjury had a chilling effect on his right to participate in closing argument. People v. Longuemire, 87 Mich. App. 395, 275 N.W.2d 12 (1978). Longuemire is distinguished from the contention made by Stephens, in fact, Longuemire never discusses the defendant's right to participate in closing argument. Stephens made no indication that he desired to, or would have, participated in closing argument and that such desire or participation were quenched and chilled by the arrest of the witness in the case at bar.
The issues are without merit and are rejected.

III. and IV.
Stephens contends (3) that the lower court erred in refusing appellant's lesser included instruction and (4) that the state failed to comply with Rule 4.06 of the Mississippi Uniform Criminal Rules of Circuit Court Practice.
Stephens contends that there was insufficient evidence that he was the person who sold the drugs. He then argues that he was entitled to a lesser included *993 offense instruction. A lesser included offense instruction should only be given if there is an evidentiary basis therefor in the record. Griffin v. State, 533 So.2d 444, 447 (Miss. 1988) (citing Ruffin v. State, 444 So.2d 839, 840 (Miss. 1984)). See also McGowan v. State, 541 So.2d 1027 (Miss. 1989); Harper v. State, 478 So.2d 1017 (Miss. 1985).
There is no evidence presented that could possibly support Stephens' claim, unless the court stultified itself and took the position that the impeached testimony of Patterson supported it.
Stephens contends that the state failed to provide him with a copy of the handwritten statement of Patterson until the second day of trial, despite his prior requests. The court held that the statement was not exculpatory and the state produced it anyway. Furthermore, Stephens did not ask for a continuance at the time of trial.
We are of the opinion there was no error here. Inman v. State, 515 So.2d 1150 (Miss. 1987); Stewart v. State, 512 So.2d 889 (Miss. 1987).
The issues are rejected.
There being no reversible error in the record, the decision of the lower court is affirmed.
CONVICTION OF SALE OF A CONTROLLED SUBSTANCE, LESS THAN AN ONE (1) OUNCE OF MARIJUANA AND SENTENCE TO SERVE THREE (3) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.
HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
NOTES
[1] In 1953, the author of this opinion was district attorney of the Eighth Circuit Court District. The defense introduced a witness by the name of Blakeney, who obviously perjured himself on the witness stand. At the conclusion of the witness' testimony, the district attorney asked the lower court for a recess and prepared an affidavit charging Blakeney with perjury, which was made and filed before the justice of the peace, whose office was adjacent to the courtroom. A warrant was issued and the sheriff arrested Blakeney, who was excused and was sitting on the front row. The jury was in the jury room. The issue was never raised as to prejudice of the defendant. However, at the next term of court, Blakeney was indicted, tried and convicted of perjury in that courtroom.