**UNITED STATES of America, Plaintiff,**

v.

**John McWILLIAMS, Defendant.**

**No. 67 Cr 79(3).**

United States District Court
E. D. Missouri, E. D.

March 11, 1969.

James E. Reeves, U. S. Atty., Wm. C. Martin, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Norman S. London, St. Louis, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

REGAN, District Judge.

This matter is before the Court on motion of defendant for a new trial on the ground of newly discovered evidence. Defendant was found guilty of the unlawful purchase and sale of heroin. His conviction was affirmed on May 1, 1968, McWilliams v. United States, 8 Cir., 394 F.2d 41, certiorari denied January 13, 1969, 393 U.S. 1044, 89 S.Ct. 643, 21 L.Ed.2d 593.

The evidence upon which the motion for a new trial is based is alleged to affect the credibility of the government informer, Kimberly Robinson, rather than the substantive elements of the offenses charged against defendant. Miss Robinson testified that she was not "addicted" to drugs but that she had used them as recently as two to four months before the trial. This testimony was given on June 26, 1967. The following year, under the name of Marva Parks (a name she acknowledged to be hers in the McWilliams trial) Miss Robinson was herself charged with a narcotics violation. On June 14, 1968, more than a year subsequent to her testimony in defendant's case, the witness pleaded guilty of the crime charged against her.

On August 12, 1968, after Miss Robinson had been examined pursuant to Section 4252, 18 U.S.C., Judge Meredith determined that she was an addict within the meaning of the law and likely to be rehabilitated through treatment. Obviously, the finding in August, 1968, that Miss Robinson was an addict within the meaning of the law, assuming the admissibility of such finding, does not constitute a finding that she was an addict in fact in June, 1967.[1]

Cross-examination of the witness by defendant's counsel evidenced an extensive knowledge of Miss Robinson's rather unsavory background and history.[2] Significantly, the cross-examination did not touch upon the *extent* of her use of narcotics, although defendant thereafter presented witnesses who testified to a personal acquaintanceship with Miss Robinson, as well as having had dealings in narcotics with her.

One of defendant's witnesses not only had known Miss Robinson and her parents for a number of years, but had engaged in prostitution with her, and had even used narcotics with her, so that Miss Robinson was not "actively addicted" at the time of her admission. The staff's opinion that she was "a narcotic addict within the meaning of the law" was based on her "well documented history of narcotic drug usage and the presence of 'venous tracks'".

---

1. Defendant lays great stress upon the following portion of the report of examination of Miss Robinson dated July 23, 1968, made by the staff at the National Institute of Mental Health Clinical Research Center, Lexington, Kentucky.

   "In *1965* she [the witness] states that she became tired of her habit and allegedly withdrew herself at home. She remained drug free for *two years* and became addicted late in *1966*. Since then, until her arrest in April of the year she was continuously on intravenous heroin."

   This report as evidenced by the portions we have emphasized is inconsistent within itself. Moreover, it further states

2. As noted by Judge Matthes (394 F.2d 41, 43, footnote 1): "Miss Robinson admitted that she had engaged in prostitution, had been arrested several times, was living with a man to whom she was not married (referred to as her common-law husband), and had used numerous aliases. * * * Manifestly, the informer was not a paragon of virtue * * *."

that knowledge of the extent of Miss Robinson's use of and addiction to drugs was readily available to defendant at the time of trial. Hence, although the 1968 finding by Judge Meredith obviously could not have been known to defendant in June, 1967, the basic facts bearing upon such finding were either known to defendant or with reasonable diligence could have been discovered before or at trial. Even as to evidence which directly bears upon guilt or innocence, the defendant must establish that such evidence was unavailable to him at the time of trial. Cf. Wheeler v. United States, 10 Cir., 382 F.2d 998, 1002. And see Ferina v. United States, 8 Cir., 302 F.2d 95, 112, as to the necessity for diligence.

■ We also note that each of defendant's three witnesses who claimed knowledge of Miss Robinson's narcotic's activities was admittedly a drug addict, a fact which would indicate that drug addiction as such, certainly in the circumstances of this case, was not believed by defendant to adversely affect the credibility of a witness. There is not the slightest basis in the record for contending, nor does defendant claim, that Miss Robinson was under the influence of drugs at the time of the trial. And as Judge Matthes pointed out in *McWilliams*, supra, "[h]er testimony was corroborated in all essentials" by the narcotics agents with whom she cooperated. In any event, evidence which merely discredits a government witness and is only of impeaching value, even if newly discovered, does not ordinarily warrant a new trial. United States v. Aguillar, 2 Cir., 387 F.2d 625, 626.

■ We have read the entire trial transcript, and on the basis thereof (as well as our personal recollection of the trial) find that the so-called newly discovered evidence not only does not rise to such status, but if admissible, could not have affected the result, "particularly in view of the overwhelming, uncontradicted evidence of guilt." The finding by Judge Meredith in 1968 that Miss Robinson was an addict does not in our judgment warrant the grant of a new trial.

Accordingly, defendant's motion for a new trial should be and it is hereby denied.