**UNITED STATES of America,
Appellee,**

v.

**John McWILLIAMS, Appellant.**

**No. 19727.**

United States Court of Appeals,
Eighth Circuit.

Feb. 12, 1970.

Certiorari Denied April 27, 1970.
See 90 S.Ct. 1515.

Norman S. London, St. Louis, Mo., for appellant.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for appellee; Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The defendant, John McWilliams, was convicted of unlawful purchase and sale of heroin. His conviction was affirmed by this Court in McWilliams v. United States, 394 F.2d 41 (8th Cir. 1968), cert. denied, 393 U.S. 1044, 89 S.Ct. 643, 21 L.Ed.2d 593 (1969).

The sole issue raised on this appeal is whether the District Court abused its discretion by denying the defendant's motion, based upon newly discovered evidence, for a new trial. United States v. McWilliams, 297 F.Supp. 1161 (E.D.Mo. 1969). We affirm.

Miss Kimberly Robinson, also known as Marva Parks, testified against the defendant at his trial. Miss Robinson, in cooperation with Narcotics Agents Richard M. Patch and Dan C. Hoerner, had entered into a narcotics purchase arrangement with the defendant. The purchase arrangement had been kept under surveillance by Patch and Hoerner. On direct examination on June 26, 1967, Miss Robinson stated, in response to government questions, as follows:

"Q. Have you ever been addicted to the use of drugs?

"A. No, sir.

"Q. Have you ever used drugs?

"A. Yes.

"Q. And when is the last time you have used [sic]?

"A. Oh, I'd say approximately three to four months ago."

In April of 1968, Miss Robinson was arrested and charged with a violation of the narcotics law. She pled guilty to the charge on June 14, 1968, and was committed to the custody of the Attorney General for an examination to determine whether she was an addict. A report from the Clinical Research Center, Lexington, Kentucky, dated July 23, 1968, concluded that Miss Robinson, arrested and hospitalized under the name of Marva Parks, was a drug addict. The report stated in part:

"Mrs. Parks began the use of intravenous heroin early in 1962 spending $60.00 to $100.00 per day. In 1965 she states that she became tired of her habit and allegedly withdrew herself at home. She remained drug free for two years and became addicted late in 1966. Since then, until her arrest in April of this year she was continuously on intravenous heroin. She claims since her arrest she again withdrew herself. She admits to have smoked marijuana occasionally for the past seven years and has taken cocaine twice with heroin in the past two years. The patient showed no withdrawal signs following admission and negative results to the barbiturate test. Physical examination revealed needle punctures in the upper extremities and mildly elevated blood pressure. Laboratory data was normal except for a positive VDRL test.

\* \* \* \* \* \*

" \* \* \* Although the patient was not actively addicted at the time of admission she has a well documented history of narcotic drug usage and the presences of 'venous tracks.' Therefore it is the staff's opinion that she is a narcotic addict within the meaning of the law."

On the basis of this report, the District Court found Marva Parks to be a drug addict and committed her for treatment.

The defendant now contends that the Lexington Report indicates that Miss Robinson was on continuous intravenous heroin from 1966 through April of 1968, including the date she testified at the defendant's trial. He contends that this constitutes newly discovered evidence which entitles him to a new trial. We cannot agree.

■ The prerequisites for the granting of a new trial because of newly discovered evidence were set forth by this Court in Johnson v. United States, 32 F. 2d 127, 130 (8th Cir. 1929):

" \* \* \* There must ordinarily be present and concur five verities, to wit: (a) The evidence must be in fact, newly discovered, i. e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly

discovered evidence would probably produce an acquittal. * * * "

This Court has consistently adhered to these guidelines and has consistently stated that there will be no reversal on appeal except for a clear abuse of discretion by the District Court. Batsell v. United States, 403 F.2d 395, 403 (8th Cir. 1968), cert. denied, 393 U.S. 1094, 89 S.Ct. 865, 21 L.Ed.2d 785 (1969); Anderson v. United States, 369 F.2d 11, 19 (8th Cir. 1966), cert. denied, 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967); Ferina v. United States, 302 F.2d 95, 107 (8th Cir. 1962).

■ The conclusion of the Lexington Report was made fourteen months subsequent to the defendant's trial. It cannot be said with certainty that Miss Robinson was on narcotics at the time of the trial. Miss Robinson's history of addiction, which was included in the Lexington Report, was given by her to the doctors at the Center. This is no more than hearsay, while the testimony she gave in court denying addiction was given under oath.

But even assuming that Miss Robinson was an addict at the time of the trial, this new evidence is merely cumulative and impeaching, and would not be sufficient substantive evidence to produce an acquittal of the defendant. See, Batsell v. United States, supra at 403. In McWilliams v. United States, supra, 394 F.2d at 48, we stated:

" * * * The jury was fully aware of her unsavory character, and her questionable relationship to Lyles. * * * "

Moreover, the testimony of Miss Robinson, while important to the government, was not a crucial link in the case.

Her testimony was fully corroborated at the trial by the narcotics agents who conducted the surveillance. We cannot believe that additional impeachment evidence would have affected the "overwhelming, uncontradicted evidence of guilt." McWilliams v. United States, supra at 48.

The defendant urges that the test to be applied here is not whether the newly discovered evidence will produce a different result, but rather whether the new evidence could have had an effect upon the jury. He cites United States v. Miller, 411 F.2d 825 (2d Cir. 1969), as authority for this contention.

In Miller, the government's key witness, who had provided the crucial identification of the defendant, had been subjected to hypnosis by the government in an attempt to aid the witness's recollection. Not only was the hypnotized witness more receptive to the government's suggestions, but she also became less receptive to effective cross-examination at trial. The fact that hypnosis had been performed was not communicated to the defendant.

Miller is clearly distinguishable. Here, as noted above, Miss Robinson's testimony was not essential in proving the defendant's guilt; it is doubtful that this impeachment evidence, in the words of the Second Circuit, " * * * could have induced a reasonable doubt in the minds of enough jurors to avoid a conviction. * * * ". United States v. Miller, supra at 832. Also, there is no substantiation here that the government had any knowledge of Miss Robinson's alleged addiction.

The judgment of the District Court is affirmed.