UNITED STATES of America, Appellee,

v.

Edgar CARTER, a/k/a Charlie Brown, Appellant.

No. 76–1886.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1977.

Decided Feb. 22, 1977.

Certiorari Denied April 18, 1977. See 97 S.Ct. 1665.

Thomas M. Bradshaw, Asst. Federal Public Defender, Kansas City, Mo., for appellant.

Bert C. Hurn, U.S. Atty., and Stephen L. Hill, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

Edgar Carter appeals from the district court's [*] denial of his motion brought pursuant to Fed.R.Cr.P. 33 for a new trial on the ground of newly discovered evidence.

In 1973, Carter was indicted on two counts of distributing heroin in violation of 21 U.S.C. § 841(a)(1). His trial ended in a mistrial when the jury was unable to reach a unanimous verdict. Thereafter, Carter was retried and convicted on both counts. On April 17, 1975, he was sentenced to seven years imprisonment and a three-year special parole term on each count, the sentences to be served concurrently. The conviction was affirmed on appeal. *United States v. Carter,* 528 F.2d 844 (8th Cir.

---

[*] The Honorable William R. Collinson, United States District Court for the Western District of Missouri.

1975), *cert. denied,* 425 U.S. 961, 96 S.Ct. 1745, 48 L.Ed.2d 206 (1976).

The principal government witness at Carter's trial was Robert Pfleiger, a Drug Enforcement Administration (DEA) agent. Pfleiger testified to purchasing heroin from Carter. He further stated that he worked with an informant named Dorothy Goff, who introduced him to Carter and arranged some of the details of their meetings. On cross-examination, Pfleiger testified that Goff became an informant after she and her husband were arrested on drug charges, that no charges were pursued against her, and that she was paid approximately $2,000 for her work with the DEA. In response to the question of whether he knew that Goff was a narcotics user at the time she worked for the DEA, Pfleiger stated "I still don't know." He further stated that after becoming acquainted with Goff, he learned that she was working as a prostitute.

The government did not call Goff as a witness during its case-in-chief, although it did so at Carter's first trial. She was called, however, by the defense as an adverse witness. Goff largely corroborated Pfleiger's testimony. She also testified that she received some money from the government, but that neither she nor her husband received any other benefit for her cooperation with the DEA. She indicated that her husband was currently incarcerated on a drug charge. The defense also called one Judith Siebert, who testified that Goff had a poor reputation for truthfulness.

On August 25, 1976, Carter filed the instant motion for a new trial on the ground of newly discovered evidence. The proffered evidence was a seven-page handwritten statement from Mrs. Billie Masters, Goff's mother. It was obtained on November 5, 1975, by an investigator for the Federal Public Defender's office. Masters stated, *inter alia,* that Goff often received money from the DEA, that she was a drug addict, and that Goff told her that she had lied at Carter's trial to ensure his conviction. Appellant contended that this statement was impeachment evidence warrant-

ing a new trial. The district court denied the motion. This appeal followed.

The criteria governing the grant or denial of a motion for a new trial based on newly discovered evidence have been articulated by this court as follows:

There are five prerequisites which must ordinarily be met to justify the grant of a new trial on the ground of newly discovered evidence: "(1) the evidence must be in fact newly discovered, that is, discovered since the trial; (2) facts must be alleged from which the court may infer diligence on the part of the movant; (3) the evidence relied upon must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) it must be of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal."

*United States v. McColgin,* 535 F.2d 471, 476 (8th Cir. 1976), *quoting United States v. Pope,* 415 F.2d 685, 691 (8th Cir.), *cert. denied,* 397 U.S. 950, 90 S.Ct. 973, 25 L.Ed.2d 132 (1969).

Also, the grant or denial of such a motion is within the discretion of the trial court and will not be overturned absent a clear abuse of discretion. *See e. g., United States v. Atkins,* 545 F.2d 1153 (8th Cir. 1976).

We agree with the district court that the new evidence is merely cumulative and impeaching. The only arguable beneficial effect to Carter of the Masters statement is that it tends to impeach Goff's credibility. Moreover, in view of the evidence concerning her being paid by the government, the charges against her being dropped, her prostitution activities, and her poor reputation for truthfulness, the statement would be cumulative.

On Carter's direct appeal, this court characterized the evidence of guilt as "overwhelming." *United States v. Carter, supra,* 528 F.2d at 852. Accordingly, we find that it is extremely doubtful that the Masters statement would produce an acquittal on retrial, particularly since the government's case rested upon the testimony of Pfleiger, not Goff.

Based on the foregoing, we conclude that the district court properly denied the motion for a new trial. *See United States v. McWilliams,* 421 F.2d 1083 (8th Cir.), *cert. denied,* 397 U.S. 1070, 90 S.Ct. 1515, 25 L.Ed.2d 694 (1970).

Affirmed.