UNITED STATES of America, Plaintiff,

v.

Terrence SHINE, Defendant.

Nos. 80 CR 470, 80 CR 692.

United States District Court,
E. D. New York.

April 7, 1981.

Thomas P. Puccio, Organized Crime Strike Force, E.D.N.Y. by Lothar Genge, Sp. Atty., Brooklyn, N. Y., for the U. S.

Harvey Weinberg, Goldman Camche & Weinberg, New York City, for defendant.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

Defendant, Terrence Shine, has moved this Court for a Judgment of Acquittal Notwithstanding the Verdict and, in the alternative, for a New Trial.[1] Defendant makes these motions on the basis of the following, to wit: (1) newly discovered evidence; (2) the failure to prove an essential element of the crimes charged; (3) the failure to provide the defendant with the Nassau County Grand Jury testimony of three witnesses. For the reasons stated herein, the motions must be denied.[2]

Defendant moves for a new trial on the basis of Rule 33 of the Federal Rules of Criminal Procedure. Defendant claims that following the verdict, he learned that two material witnesses for the government, Pratt and deBremont, had told the Assistant District Attorney of Nassau County, pursuant to a Nassau County investigation of Shine, that any deals they might have had with Shine were the "best deals" they ever had.[3] During the course of the federal trial, however, Pratt and deBremont testi-

---

1. Defendant also emphasizes that counsel had insufficient time to prepare a defense. As detailed in its Memorandum of Decision and Order dated January 7, 1981, the Court can not accept this contention. The Court is cognizant of the fact that Mr. Shine, at a late stage in the proceeding, chose to substitute counsel and further, that the supplemental indictment represents an offense based on the same transaction as that charged in the initial indictment.

2. Defense counsel filed lengthy briefs on the issues before the Court; the government declined to submit responding papers.

3. According to the affidavit of Harvey Weinberg, the statements of deBremont and Pratt to Mr. Del Grosso, of the Nassau County District Attorney's Office, allegedly were made *after* both contractors had testified before the Nassau County grand jury.

fied that they were in "fear" of economic loss. Specifically, they feared that if they did not pay the defendant the monies demanded, Pratt and deBremont not only would lose their contract with Parsons and Whittemore ("P&W"), but also would find it difficult to procure future contracts with the company. The defendant now claims that the statements made to the Assistant District Attorney, if made known to the jury, would very possibly have resulted in an acquittal.

■ In certain cases, new evidence, which is discovered subsequent to trial, is material to the issues at trial and "possibly" would produce an acquittal, will necessitate a new trial. *See United States v. Miller*, 411 F.2d 825 (2d Cir. 1969); *see also United States v. McWilliams*, 421 F.2d 1083 (8th Cir. 1970). Here, however, the Court can not accept the proposition that the statements allegedly made by deBremont and Pratt to the Assistant District Attorney, namely, that "this was the best deals they ever had," constituted new evidence.

The witnesses, at trial, repeated the very essence of what they allegedly had told the Assistant District Attorney. By way of example, deBremont stated the following on direct:

This is the best thing to come down the pike for me.... (Tr. 377)

And on cross-examination, deBremont stated the following with regard to the handling of the payroll:

I wanted it. I said I would love to get the job .... (Tr. 446)

Thus, the jury had before it the fact that the contract with P&W was the best deal the alleged victims ever had secured.

■ In the alternative, defendant contends that if such statements do not constitute "new evidence", they clearly indicate that deBremont and Pratt could not reasonably have been in fear of economic harm from the defendant. Thus, defendant submits that the evidence was insufficient to support the jury's verdict and a judgment of acquittal is warranted. Viewing the evidence in the light most favorable to the

government, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), there is sufficient evidence to support the verdict.

■■ Fear of economic loss is a type of fear proscribed by the Hobbs Act. *See* 18 U.S.C. § 1951. In a prosecution of this kind, it is sufficient if the government can show circumstances surrounding the alleged extortion which render the victim's fear reasonable. *United States v. Hathaway*, 534 F.2d 386 (1st Cir. 1976); *United States v. Quinn*, 514 F.2d 1250 (5th Cir. 1975); *United States v. Glasser*, 443 F.2d 994 (2d Cir.), *cert. denied*, 404 U.S. 854, 92 S.Ct. 96, 30 L.Ed.2d 95 (1971).

Here, the testimony indicated that construction work was not readily available on Long Island; that the defendant wielded extensive supervisory powers on the job site. Thus, the jury could have inferred the following: (1) that if deBremont and Pratt lost the contract with P&W, they would not have been able to procure equally lucrative contracts elsewhere; (2) that the impetus to pay the defendant came from a reasonable apprehension that, without paying, the alleged victims could lose the present contract and would not be considered for future P&W contracts. Thus, there was sufficient evidence for the jury to have found that the alleged victims did not voluntarily or willingly make payments to the defendant.

Finally, the defendant argues that after the direct examination of deBremont, Pratt and Landman, the defense was absolutely entitled to inspect the Nassau County grand jury minutes of those witnesses. The defendant argues that the defense is "absolutely entitled to inspect and to use for purposes of impeachment on cross-examination any pretrial statement given by the witness to the authorities."

■ While there is a presumption against *in camera* proceedings in criminal matters, *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), the situation is reversed with respect to grand jury materials. *See generally United States v. Moten*, 582 F.2d 654 (2d Cir. 1978).

By way of example, the *in camera* proceeding has been held to be both proper and necessary to the exercise of discretion for the purpose of ruling on a motion for the production of grand jury testimony. *See, e. g., In re Midwest Milk Monopolization Litigation,* 454 F.Supp. 281 (W.D.Mo.1978); *cf. United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). *See generally United States v. H.J.K. Theater Corp.,* 236 F.2d 502 (2d Cir. 1956), *cert. denied,* 352 U.S. 969, 77 S.Ct. 359, 1 L.Ed.2d 323 (1957).

The defendant, however, cites 18 U.S.C. § 3500 as support for the proposition that he is absolutely entitled to the use of the Nassau County grand jury testimony. First, 18 U.S.C. § 3500 refers to "statements ... of the witness in the possession of the United States." Second, "in the possession of the United States" has been held to involve statements possessed by the prosecutorial arm of the Federal Government. *See United States v. Loud Hawk,* 628 F.2d 1139 (9th Cir. 1979), *cert. denied* 445 U.S. 917, 100 S.Ct. 1279, 63 L.Ed.2d 602; *United States v. Dansker,* 537 F.2d 40 (2d Cir. 1978), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1979); *United States v. Smith,* 433 F.2d 1266 (5th Cir.), *cert. denied,* 401 U.S. 977, 91 S.Ct. 1206, 28 L.Ed.2d 328 (1970); *United States v. Harris,* 368 F.Supp. 697 (D.C.Pa.), *aff'd.* 498 F.2d 1164 (3d Cir.), *cert. denied,* 419 U.S. 1069, 95 S.Ct. 655, 42 L.Ed.2d 665 (1973).

Here, the Nassau County grand jury testimony was never in the possession of the United States Government. Indeed, the Assistant District Attorney Robert Del Grosso forwarded the Nassau County grand jury minutes to this Court with the following instructions:

> I respectfully request that you compare the Nassau County transcripts with the Federal Grand Jury minutes of the aforesaid parties in order to determine whether there are any conflicts in said testimonies which would necessitate release of said transcripts to the opposing parties. If your Honor determines that no conflict exists, please do not release the tran-

scripts but instead, seal them as a Court exhibit.

The Court is aware that the defendant himself is best equipped to determine the most effective use of testimony. *See Jencks v. United States,* 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957). However, in light of the fact that the Nassau County District Attorney's Office was conducting their own investigation of Mr. Shine, this Court felt that the most advisable course to travel included: (1) an examination of the Nassau County grand jury minutes *in camera* ; (2) the release of conflicting testimony; (3) the sealing of nonconflicting testimony.

Thus, the defendant would not have been precluded from examining any of the three witnesses in question concerning prior inconsistent statements. Here, however, the Court did not find any conflicts between the Federal Grand Jury testimony of deBremont, Pratt, and Landman and their respective Nassau County grand jury testimony.

In light of the foregoing, the defendant's motions are denied *in toto.*

SO ORDERED.