**UNITED STATES of America**

v.

**Thomas Alfred MAURA.**

**Crim. No. H–91–0178.**

United States District Court,
D. Maryland.

Oct. 18, 1991.

---

■■■■■■■■■■

Stuart A. Berman, Asst. U.S. Atty., Baltimore, Md., for the U.S.

Fred Warren Bennett, Federal Public Defender, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, Senior District Judge.

This criminal case came on for trial before a jury in this Court on August 12, 1991. Both the government and defendant presented testimony and introduced exhibits in evidence. After deliberating during the afternoon of August 14, 1991, the jury advised the Court that it was deadlocked and could not reach a verdict on any of the counts of the indictment.[1] The Court thereupon granted defendant's motion for a mistrial.

Presently before the Court is defendant's motion for judgment of acquittal after the discharge of the jury, which has been timely filed pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. In support of that motion, counsel for defendant has filed a memorandum of law, together with an exhibit. The government has filed a memorandum in opposition to the pending motion, and defendant has recently replied to the government's opposition. The parties have agreed that the Court may rule on the pending motion without hearing oral argument. See Local Rule 105.6.

The Court has now had an opportunity to review its trial notes and the exhibits admitted in evidence in the case. For the reasons to be stated herein, defendant's motion for judgment of acquittal will be granted.

When the case came on for trial, there were four remaining counts of the indictment. Count One charges defendant with a scheme to defraud by depositing a coun-terfeit check in the amount of $120,000 drawn on an account of Dreyfuss Brothers, Inc. at Sovran Bank into a corporate checking account controlled by defendant at Riggs National Bank (hereinafter "Riggs Bank"). Count Two charges defendant with a scheme to defraud by depositing a Riggs Bank cashier's check in the amount of $115,000 into a corporate checking account controlled by him at Perpetual American Bank. Both Count One and Count Two charge violations of 18 U.S.C. § 1344.

Count Four charges defendant with transporting a counterfeit security in interstate commerce, and Count Five charges defendant with the interstate transportation of a security taken by fraud. Both Count Four and Count Five charge violations of 18 U.S.C. § 2314.

■■■ In support of his motion for judgment of acquittal, defendant contends that the evidence produced by the government at the trial was insufficient as to an essential element of each of the four counts involved. The standard to be applied by a court in considering a motion such as the one presently before it is whether there is substantial evidence which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt. *United States v. Stockton*, 788 F.2d 210, 218 (4th Cir.1986); *United States v. McCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). In opposing the pending motion, the government argues that there was sufficient circumstantial evidence produced at the trial for a jury to conclude beyond a reasonable doubt that the defendant was guilty as to each of the four counts involved.

The prosecution in this case and the critical facts are concerned with defendant's possession of and deposit of a $120,000 counterfeit bearer check drawn on the account of Dreyfuss Brothers, Inc. at Sovran Bank. This check was deposited by defendant in a corporate account maintained by him in the name of Material Management

---

**1.** Between 5:30 p.m. and 6:50 p.m. in the late afternoon of August 14, 1991, the jury sent the Court three notes advising that it was deadlocked.

& Consultants Corporation (hereinafter "MMCC") at Riggs Bank. When the amount in question was credited to defendant's MMCC account at Riggs Bank, defendant withdrew $115,000 for the purchase of a cashier's check in that amount, which was then deposited in an MMCC account at Perpetual American Bank. The key question under each of the four counts here is whether defendant knew at the time that he possessed and deposited the $120,-000 bearer check that this check was counterfeit.

The government concedes that, as the indictment in this case is framed, the evidence must establish beyond a reasonable doubt as to each of the four counts that defendant knew that the $120,000 check was counterfeit at the time he possessed it and deposited it. Indeed, late in the afternoon of August 14, the jury advised the Court that it was deadlocked, and with the agreement of counsel on both sides, the Court in responding to a question posed by the jury instructed the jury that the government to obtain a conviction of defendant was required to prove beyond a reasonable doubt that defendant knew that the check was counterfeit. On the record here, this Court concludes that there was not substantial evidence presented at the trial which would warrant the jury to find that defendant knew when he possessed and deposited the $120,000 check that it was counterfeit.

Through expert testimony, the government established at the trial that the $120,-000 check was indeed counterfeit. In seeking to prove that defendant had actual knowledge that this check was counterfeit, the government relies on the various acts undertaken by the defendant between February 21, 1991 and February 25, 1991, on false exculpatory statements made by defendant to investigators and on defendant's inconsistent trial testimony. The evidence relied upon was quite clearly sufficient to prove that defendant knew that the check was wrongfully possessed by him. But in this case more than that must be proved. The circumstantial evidence relied upon does not satisfy the further critical requirement in this case that the government

prove beyond a reasonable doubt that defendant knew that the check was counterfeit. Indeed, defendant could very well have acted as he did and made the incriminating statements in question if he knew or believed that the check was stolen, that it had been misappropriated or wrongfully converted or that it was otherwise wrongfully in his possession. Nothing in the record here shows, however, that he knew that the check was counterfeit. The inferences which the government claims may be derived from the circumstances here are too speculative and remote to constitute sufficient proof of guilt beyond a reasonable doubt. *See United States v. Nelson,* 419 F.2d 1237, 1240 (9th Cir.1969).

The government contends that the nature of the check itself was such that defendant inferentially knew that it was counterfeit. This Court would disagree. An examination of Government Exhibit No. 2 (the original of the $120,000 check) would not lead a reasonable observer to believe that this was a counterfeit instrument. Indeed, the check was sufficiently authentic that bank personnel at Riggs Bank received the check and permitted the amount in question to be credited to the MMCC personal checking account at Riggs Bank.

The government offered no evidence indicating how defendant obtained the $120,-000 check nor was direct evidence presented suggesting that defendant knew that the check was counterfeit when he possessed it and deposited it. That defendant deposited the check in a secretive manner, that he attempted to hide the money by switching it into a new account at a different bank and that he made inconsistent statements to investigators and during his testimony, do not prove that he knew that the check was counterfeit. The evidence in question clearly establishes that defendant knew that he wrongfully possessed the check. However, under the indictment which was returned by the Grand Jury, the government was required to prove as to each count that defendant knew that the $120,000 check was counterfeit. It would appear that under a differently framed indictment, the evidence might well have

been sufficient to prove violations of both 18 U.S.C. § 1344 and 18 U.S.C. § 2314. Nevertheless, the sufficiency of the evidence in this case must be weighed in terms of the allegations of the indictment which was in fact returned by the Grand Jury. It is not for the Court to re-draw the Grand Jury's indictment. *See United States v. Treadway,* 748 F.Supp. 396, 402 (W.D.N.C.1990).

■ In opposing the pending motion, the government relies on *United States v. Browning,* 390 F.2d 511 (4th Cir.1968) and on several other decisions involving prosecutions for possessing or passing counterfeit obligations under 18 U.S.C. § 472.[2] However, in each of these cases, a number of counterfeit bills were involved while here the prosecution is concerned with a single counterfeit check. Where multiple, interchangeable bills are concerned, inferences from furtive acts of a defendant go to prove only knowledge that the bills were counterfeit since the only type of wrongdoing which could arise from the facts of those cases would be counterfeiting. No reasonable inference could be drawn from the circumstantial evidence in those counterfeiting cases that the bills had been stolen or were wrongfully possessed by defendant for any other reason than that they were counterfeit. In the *Browning* case, the bartender who received a $20 bill told the defendant that the bill "looked like play-money." The defendant had entered the bar and gone to a restroom for the purpose of casing the place. There was an inference that defendant had selected the bar as a place to pass the bill because it would be dimly lighted. 390 F.2d at 513. The Fourth Circuit concluded that circumstantial evidence of this sort was sufficient to establish that the defendant knew that the bills were counterfeit.

■ Here the furtive acts and false exculpatory statements of defendant readily support an inference that defendant knew that he wrongfully possessed the check, but they do not establish that he knew that the check was counterfeit. No presumption of guilty knowledge arises from either mere possession or transfer of a spurious obligation. *United States v. Costens,* 462 F.2d 391, 393 (8th Cir.1972); *Ruiz v. United States, supra* at 620. In deciding to grant defendant's motion, the Court would cite *United States v. Baker,* 650 F.2d 936 (8th Cir.1981). In reversing in that case defendant's conviction for passing a counterfeit bill, the Eighth Circuit concluded that insufficient evidence had been presented by the government at the trial to prove that defendant knew that the note was counterfeit. The Eighth Circuit, in rejecting the government's contention in that case that a statement made by defendant constituted guilty knowledge, said the following (650 F.2d at 938):

... The statement could be logically construed in several different ways and there is absolutely no corroborating evidence to indicate that it was in any way intended to be an admission of knowledge that the bill was counterfeit.

■ Similarly, in this case, defendant's statements and actions can logically be construed in several different ways. Nor has the government presented corroborating evidence indicating that defendant's statements and actions constituted admissions that he knew that the check was counterfeit. To reach the conclusion suggested by the government here would amount to improper speculation on the part of the jury. *United States v. Herberman,* 583 F.2d 222, 231 (5th Cir.1978). To be sufficient, the evidence in a case of this sort must be substantial and must do more than raise a mere suspicion of guilt. *United States v. Ortiz,* 445 F.2d 1100, 1103 (10th Cir.), *cert. denied,* 404 U.S. 993, 92 S.Ct. 541, 30 L.Ed.2d 545 (1971).[3]

---

2. Other such counterfeiting cases relied upon by the government include, *e.g., United States v. Tucker,* 820 F.2d 234, 236 (7th Cir.1987); *United States v. Guida,* 792 F.2d 1087, 1095 (11th Cir. 1986) and *Ruiz v. United States,* 374 F.2d 619, 620 (5th Cir.1967).

3. The Court would note that the jury in this case, after hearing all the evidence, was not able to reach a unanimous determination that defendant knew that the check was counterfeit.

For all these reasons, this Court concludes that there is not substantial evidence in the record which would warrant a jury to find beyond a reasonable doubt that the defendant knew that the $120,000 check was counterfeit. Unless the jury could make such a finding on the evidence presented, it could not find defendant guilty beyond a reasonable doubt. Accordingly, defendant's motion for judgment of acquittal after the discharge of the jury will be granted.

For the reasons stated, it is this 18th day of October, 1991, by the United States District Court for the District of Maryland,

ORDERED:

1. That defendant's motion for judgment of acquittal after the discharge of the jury be and the same is hereby granted; and

2. That defendant be and is hereby acquitted of the charges brought against him in this case under Counts One, Two, Three and Four of the indictment.