# IN THE COURT OF APPEALS
# OF THE
# STATE OF MISSISSIPPI

## NO. 1999-KA-01729-COA

**FRED FEAZELL A/K/A JOHN EARL FEAZELL**     **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**     **APPELLEE**

| | |
|---|---|
| DATE OF TRIAL COURT JUDGMENT: | 09/11/1998 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN M. COLETTE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY JOHN R. HENRY JR. |
| DISTRICT ATTORNEY: | DEWITT L. FORTENBERRY JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | TRANSFER OF COCAINE; SENTENCED TO SERVE 7 YEARS IN THE MDOC |
| DISPOSITION: | AFFIRMED - 05/15/2001 |
| MOTION FOR REHEARING FILED: | 5/25/2001; denied 7/31/2001 |
| CERTIORARI FILED: | 8/13/2001; denied 12/13/2001 |
| MANDATE ISSUED: | 1/3/2002 |

BEFORE SOUTHWICK, P.J., BRIDGES, AND LEE, JJ.

SOUTHWICK, P.J., FOR THE COURT:

¶1. Fred Feazell was convicted of a transfer of cocaine. On appeal he alleges that he was denied effective assistance of counsel, that it was error for an audiotape to be played to the jury, and that the evidence was insufficient to establish identity. We find no error and affirm the conviction.

## FACTS

¶2. On June 18, 1996, law enforcement officers with the Southeast Mississippi Drug Task Force met to discuss plans for an attempted drug buy. Officer Boutwell was designated as the person who would participate in the transaction. The target was Fred Feazell. Following normal procedure, Boutwell was searched, wired for transmission of sound, and provided marked bills for the attempted drug purchase. Boutwell and a confidential informant then proceeded to Feazell's trailer.

¶3. Upon arrival, Officer Boutwell noticed that Feazell was outside at the rear of the trailer. Boutwell approached Feazell, handed him forty dollars and asked for two pieces of crack cocaine. Feazell then

handed the officer what later was proven by laboratory analysis to be two pieces of crack cocaine. The officer then returned to his vehicle and drove to the designated location for meeting the other members of the drug task force.

¶4. At trial an audiotape of the transaction was played for the jury. Officer Boutwell testified that the tape was an accurate recording of the transaction with Feazell and that the tape had not been altered. Although there was no explicit mention of drugs on the tape, Boutwell identified two statements on the tape as having been made by Feazell during the drug transaction.

¶5. Feazell testified that he was not the person who sold the drugs to Boutwell. He alleged that a relative who often used his name was actually the one who sold the drugs. The defendant Feazell alleged that he was at a hospital taking care of his mother when the sale took place. That relative testified and stated that he had never represented himself as "Fred Feazell." The jury did not accept Feazell's explanation and found him guilty of transfer of cocaine.

## DISCUSSION

### I. Ineffective assistance of counsel

¶6. Feazell alleges that he was denied effective assistance of counsel. Seven separate errors are identified as having been committed by his trial counsel, which Feazell claims prejudiced the defense in such a manner as to arise to ineffective assistance of counsel. None of these errors are supported by any evidence in the record. For example, Feazell states that no independent investigation was conducted, that no pretrial meeting between attorney and client occurred to plan the defense, and that a potential alibi existed that was not explored. The remaining claims are similar. Regardless of the factual validity of any of these arguments, there are no facts presented to us in support of them.

¶7. An appellate court "must decide each case by facts shown in the record, not assertions in the brief . . . ." *Robinson v. State*, 662 So. 2d 1100, 1104 (Miss. 1995). Feazell has failed to provide us with any factual basis for these allegations. Therefore, we decline to address the issue.

### II. Audiotape

¶8. During the testimony of Officer Boutwell, the State introduced the tape of the drug transaction. The trial court did not allow the tape itself into evidence, but did, over defense counsel's objection, permit the State to play the portion purporting to represent this sale. Feazell argues that the playing of the tape for the jury was improper because the recording was neither relevant nor properly authenticated. Specifically he alleges that his voice could not be identified.

¶9. In order to be admissible the State must prove that what is heard on the recording is relevant as well as authentic. *Ragin v. State*, 724 So. 2d 901, 903 (Miss. 1998). Rule 401 of the Mississippi Rules of Evidence requires that in order to be relevant a piece of evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." M. R. E. 401. Even though the tape does not capture a conversation about drugs, the undercover officer testified what was on the tape accurately represented what happened at the time of the purchase. The tape is relevant because it demonstrates Feazell's presence at the time and place of the drug transaction.

¶10. The second requirement for admissibility of what is heard from a tape recording is that it be proven authentic. Rule 901 requires that evidence be introduced which is "sufficient to support a finding that the matter in question is what the proponent claims." M. R. E.. 901(a). The State properly proved that the tape had recorded Feazell's voice by "opinion based upon hearing the voice at any time under the circumstances connecting it with the alleged speaker." M.R.E. 901(b)(5). Officer Boutwell specifically identified two statements from the tape as what Feazell had said during the drug transaction. Officer Boutwell testified that he had heard the voice during the transaction itself and that this recording played for the jury accurately represented the transaction that occurred between himself and Feazell on June 18, 1996. There was no problem with authentication.

### III. Sufficiency of the evidence

¶11. Feazell's defense at trial was that he was not the person who sold the cocaine. He claimed that a relative had been using his name, that it was the relative who sold the cocaine, and that Officer Boutwell was confused as to the identity of the person who sold him the cocaine. The jury was entitled to accept that testimony, though there was compelling evidence to the contrary.

¶12. At trial, Officer Boutwell positively identified Feazell as the man who sold him the cocaine on June 18, 1996. This was not the first time that Boutwell had seen Feazell, as he testified that he knew him from being at his residence on prior occasions. The alleged imposter denied having been posing as Feazell. It is the function of the jury to resolve questions of credibility of witnesses. *Gandy v. State*, 373 So. 2d 1042, 1045 (Miss. 1979). From the evidence presented at trial, a reasonable and fair minded juror could certainly have determined that Feazell was the man who sold cocaine to Officer Boutwell.

¶13. **THE JUDGMENT OF THE CIRCUIT COURT OF COVINGTON COUNTY OF CONVICTION OF TRANSFER OF COCAINE AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**McMILLIN, C.J., KING, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.**