847 So.2d 867 (2002)
Luther Edward CARR, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01530-COA.
Court of Appeals of Mississippi.
February 26, 2002.
Rehearing Denied June 18, 2002.
Certiorari Denied October 3, 2002.
*868 James A. Williams, Meridian, Attorney for Appellant.
Office of the Attorney General by Dewitt T. Allred, III, Attorney for Appellee.
Before McMILLIN, C.J., BRIDGES, and BRANTLEY, JJ.
BRANTLEY, J., for the Court.
¶ 1. In the Circuit Court of Lauderdale County, Luther Carr was convicted of sale of cocaine. Carr appeals his conviction arguing that the court improperly allowed a jury instruction, denied a motion for mistrial because of prejudicial statements, and denied a motion for a new trial because the weight and sufficiency of the evidence did not support the verdict. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. On the evening of November 25, 1998, Chris McFarland, an agent with the East Mississippi Drug Task Force, drove a confidential informant to the residence of Luther Carr for the purpose of making an undercover drug buy. They were driving a pickup truck equipped with concealed video and audio devices. Agent McFarland also was wired with a transmitter to record the sale. Three other agents, including Chris Scott, performed surveillance of the activity from a distance. Although they were unable to see the actual transaction, they were able to monitor the audio portion of the sale from the body wire.
¶ 3. At trial, only shadow images could be seen on the video. When the agent and informant arrived at Luther Carr's home, Carr was outside and approached their vehicle. Carr accepted one hundred dollars from the agent for the purchase of cocaine. He then went into the house while the agent and the confidential informant waited in the vehicle. Broderick Carr delivered the cocaine to the agent.
¶ 4. Agent Scott monitored the sale and recognized the voice on the tape as Luther Carr's from previous surveillance videos. A forensic scientist verified that the substance was cocaine.

DISCUSSION

I. WHETHER OR NOT INSTRUCTION C-11 CONTAINED AN ASSUMPTION OF FACT.
¶ 5. Luther Carr argues that jury instruction C-11 contains an assumption of fact in paragraph number two, that he received the payment for the cocaine. However, since Carr did not offer this as a ground for objection in the trial court, he cannot argue this as a ground for objection on appeal. Holland v. State, 705 So.2d 307, 347 (¶ 164) (Miss.1997). Therefore, Carr is procedurally barred from raising this assignment of error.
II. WHETHER THE TRIAL COURT ERRED IN ALLOWING WITNESSES TO TESTIFY IN SUCH A MANNER THAT WOULD IMPLY PRIOR CRIMINAL ACTIVITY ON CARR'S PART AND ERRED IN DENYING A MOTION FOR MISTRIAL.
*869 ¶ 6. Luther Carr contends that the surveillance by the agents and Agent McFarland's reference to a "previous buy" served only to prejudice the jury against him and warranted a mistrial. Carr also argued that the totality of the testimony implied that Carr had sold drugs before.
¶ 7. Beginning with the testimony of Agent Scott, we note three separate instances where the testimony was appropriately objected to concerning the possibility of other criminal activity. The first instance was when Agent Scott stated the following reasons for the surveillance of Luther Carr:
Q. What basis did you have to suspect Mr. Carr's house was being used as a
A. We've had prior video surveillance.
Mr. Collins: Object to him testifying what someone else has done.
Q. Okay Chris, when you say we, who made the video?
A. Myself and Agent Lee. We made the video recording of the residence where Mr. Carr was living at the time not at 1802 33rd, but it was a different location where he was residing at approximatelythis surveillance probably went on about three and a half months
Mr. Collins: [O]bject to testimony of any other instance that he's attempting to bring in.
* * * * * *
The COURT: Sustained then.
¶ 8. The second instance also occurred during the direct examination of Agent Scott when the prosecution asked him to discuss how he had come to know Luther and Broderick Carr. Agent Scott responded that he dealt with Broderick previously, but had not dealt with Carr except for the intelligence that he and another agent had gathered. At this time defense counsel promptly objected and the trial court sustained the objection.
¶ 9. In both instances the defense never requested the court to instruct the jury to disregard either answer. "It is the rule in this State that where an objection is sustained, and no request is made that the jury be told to disregard the objectionable matter, there is no error." McGowan v. State, 706 So.2d 231(¶ 46) (Miss.1997).
¶ 10. Carr contends that the third prejudicial reference occurred during Agent McFarland's direct examination when he responded that he had seen Luther Carr at a previous buy.
Q. Prior to being at that house at that location where you saw Luther Carr on this video, which you say was about 4:30 p.m., had you seen him earlier that day?
A. No, that was the first time.
Q. Have you ever seen him at the residence that you stopped at at the six o'clock buy?
A. Yes.
Q. When did you see him there?
A. At a previous buyI don't know what date it was.
Defense counsel then objected and the court sustained the objection.
¶ 11. In the absence of the jury, the trial court offered "to instruct the jury to disregard the witness's answer, and then poll the jury to make sure that all fourteen of them will disregard that answer." However, Carr's counsel declined to accept the trial judge's offer. As stated, "because the defense failed to request that the jury be admonished, the sustaining of the objection was sufficient to prevent reversible error. There is no reversible error where the court did all that it was asked to do." Cotton v. State, 675 So.2d 308, 315 (Miss. 1996).
¶ 12. Defense counsel then moved for a mistrial and the trial court overruled *870 his motion. "This Court has repeatedly held that the granting of a motion for a mistrial is within the sound discretion of the trial judge." Ragin v. State, 724 So.2d 901(¶ 13) (Miss.1998). The reviewing court recognizes that the trial judge is in the best position to determine whether an objectionable remark has had any prejudicial effect. Roundtree v. State, 568 So.2d 1173, 1177 (Miss.1990). For this reason, the trial court is allowed considerable discretion in determining whether a remark was so prejudicial that it warrants a mistrial. Id.
¶ 13. In the present case, after declining to admit the testimony about the "previous buy," the trial judge further conducted a balancing test to weigh the prejudicial effect of the statement. The trial judge noted that the comments "sort of went through pretty quickly, and I didn't detect any of the jurors, you know, paying real close attention to the line of questions and answers." The trial judge also noted the witness's answer was in the category of "fleeting responses."
¶ 14. McFarland stated that he had seen Carr at that residence at a previous buy, not that he specifically bought drugs from Carr before at that residence. Because there was never any testimony before the jury as to any specific criminal activity directly attributed to Carr, the statement made by McFarland did not necessarily make a negative impact on the jury.
¶ 15. The trial judge found that the effect of the statement did not require that a mistrial be granted. The trial judge did not abuse his discretion and this assignment of error is without merit.

III. WHETHER THE TRIAL COURT ERRED IN DENYING THE MOTION FOR NEW TRIAL?
¶ 16. Luther Carr contends there are contradictions in the testimony of the State's witnesses. Carr contends that McFarland's credibility was compromised. Carr also suggests that the jury was required to accept McFarland's and Scott's opinion that the voice on the audio of the 6:00 p.m. meeting was that of Luther Carr, not Broderick's. Therefore, Carr challenges the weight and sufficiency of the evidence.
¶ 17. Whether considering a challenge to the sufficiency of the evidence to support a criminal conviction or a claim that the verdict is against the weight of the evidence, this Court must review the evidence in the light most favorable to the State. Ballenger v. State, 667 So.2d 1242, 1252 (Miss.1995). Viewed in that light, we do not find that a reasonable and fair-minded juror could only reach the conclusion that the State had failed to prove Carr's guilt beyond a reasonable doubt.
¶ 18. The jury heard the witnesses and the evidence as presented by the State. The jury heard testimony from Agent McFarland and Agent Scott regarding the transaction. Further, by pointing Carr out in the court room, Agent McFarland expressed no doubt as to the identity of the person who sold him the cocaine at the six o'clock meeting on November 25, 1998. The forensic scientist's testimony verified that the substance was cocaine. Luther Carr offered no evidence to contradict the State's case.
¶ 19. The Mississippi Supreme Court has held that the "the jury is charged with the responsibility of weighing and considering the conflicting evidence and credibility of the witness and determining whose testimony should be believed." Burrell v. State, 613 So.2d 1186, 1192 (Miss.1993). Carr's guilt, therefore, was a question for the jury to evaluate. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The jury's decision to believe the State's evidence and witnesses was well within its discretion. *871 Moreover, the jury was well within its power to weigh the evidence and the credibility of the witnesses' testimony to convict Carr for the sale of cocaine.
¶ 20. Neither are we convinced that the weight of the evidence pointed away from Carr's guilt to the extent that a new trial is necessary. The decision to grant a new trial "rests in the sound discretion of the trial court, and the motion for a new trial based on the weight of the evidence should not be granted except to prevent an unconscionable injustice." McClain, 625 So.2d at 778.
¶ 21. The trial court did not abuse its discretion by refusing to grant Carr a new trial based on the weight of the evidence. The jury verdict was not so contrary to the overwhelming weight of the evidence that to allow it to stand would be to promote an unconscionable injustice. The trial court properly denied Carr's motion for a new trial and this assignment of error is without merit.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF THE SALE OF COCAINE AS AN HABITUAL OFFENDER AND SENTENCE OF SIXTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCE SHALL RUN CONCURRENTLY WITH THE SENTENCE IMPOSED IN LAUDERDALE COUNTY CRIMINAL CASE NUMBER 653-99. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.